ATASCOSA COUNTY and Jourdanton
Independent School District,
Petitioners,

v.

ATASCOSA COUNTY APPRAISAL
DISTRICT and Atascosa Hospital
Association, Inc., Respondents.

No. 98–0219.

Supreme Court of Texas.

Argued Nov. 19, 1998.

Decided April 15, 1999.

W. Wendell Hall, Renee Forinash–McElhaney, San Antonio, Thomas P. Cate, Lytle, for petitioners.

Joseph M. Harrison, Austin, Peter W. Low, San Antonio, for respondents.

Justice HANKINSON delivered the opinion for a unanimous Court.

In this case, we decide whether Texas Tax Code sections 11.43 and 25.21 require an appraisal district and chief appraiser to back-appraise in the current year property erroneously exempted in prior years. We further decide whether chapters 41 and 42 of the Tax Code permit a taxing unit to challenge the appraisal district's and chief appraiser's failure to fulfill that duty. The trial court granted summary judgment for Respondents, the taxpayer and appraisal district, concluding that limitations or lack of standing barred Petitioners, the taxing units, from challenging prior years' appraisals. The court of appeals affirmed the summary judgment for the taxpayer. 962 S.W.2d 188. Because we hold that the Tax Code imposes a nondiscretionary duty to back-appraise on appraisal districts and chief appraisers, and that a taxing unit may challenge the failure to perform this duty, we reverse in part the judgment of the court of appeals and remand Petitioners' claims to the trial court for further proceedings consistent with this opinion.

In the mid–1950s, Atascosa Hospital Association (AHA), a nonprofit corporation, bought land and built Mercy Hospital on it. For nearly thirty years, a charitable society operated Mercy. In the 1980s, for-profit organizations assumed responsibility for operating the hospital. One of these organizations, Tri City Community Hospital, currently leases the hospital buildings and equipment. AHA requested a tax exemption for the land, buildings, and equipment, which the Atascosa County Appraisal District granted.

In 1995, Atascosa County and Jourdanton Independent School District filed a challenge petition under Tax Code § 41.03 with the Atascosa County Review Board, requesting it to find that the property was improperly granted tax-exempt status for 1990–1995. The County and School District also requested that the Review Board compel the chief appraiser to add the property's reappraisal to the 1995 tax rolls.

The Review Board revoked the exemption for 1995, but not for 1990–1994. The County and School District then petitioned for judicial review against the Appraisal District and AHA under chapter 42 of the Tax Code, complaining of the Review Board's failure to revoke the exemption for 1990–1994 and back-appraise the property.

AHA moved for summary judgment. Without reaching the merits of the prior years' exemption, the trial court granted summary judgment for both AHA and the Appraisal District. The trial court determined that the relief requested by the County and School District for 1990–1994 was barred under the Tax Code by limitations or lack of standing. The trial court further concluded that the Review Board's revocation of the 1995 exemption mooted any issues regarding that year.

The court of appeals affirmed summary judgment for AHA, but reversed the summary judgment for the Appraisal District because the District had not filed its own motion for summary judgment. 962 S.W.2d 188, 190. The court then concluded that the County and School District lacked standing because making changes to the tax roll "appears to be within the exclusive province of the chief appraiser." *Id.* at 191. The court further concluded that the County and School District may not use the challenge petition process of Tax Code § 41.04 to challenge prior years' appraisals. *Id.* at 191–92.

The County and School District petitioned this Court for review, asking us to reverse and remand this case to the trial court so that it can address the merits of the exemptions. (The Appraisal District has not petitioned for review of the court of appeals' judgment reversing the summary judgment in its favor.) We granted their petition to review the court of appeals' construction of the Tax Code.

▇ The County and School District first argue that the Appraisal District and chief appraiser must back-appraise and assess taxes on property erroneously ex-

empted for the past five years. We agree. The Texas Constitution creates the obligation to appraise and assess property for purposes of taxation, and provides that all property must be equally and uniformly taxed. *See* TEX. CONST. art. VIII, § 11 ("[A]ll lands and other property not rendered for taxation by the owner thereof shall be assessed at its fair value by the proper officer."); TEX. CONST. art. VIII, § 1(a) ("Taxation shall be equal and uniform."). The Legislature codified this obligation to appraise and assess property in the Tax Code. The Tax Code creates appraisal districts and requires each district to appraise property for the ad valorem taxing units within the district. *See* TEX. TAX CODE § 6.01. To discharge this duty, appraisal districts must establish appraisal offices and retain chief appraisers. *See* TEX. TAX CODE § 6.05. The Tax Code also establishes an appraisal review board for each district, which is charged with ensuring that property is properly appraised. *See* TEX. TAX CODE §§ 6.41, 41.01. Tax Code § 11.43(i) mandates that the chief appraiser back-appraise erroneously exempted property:

> If the chief appraiser discovers that an exemption that is not required to be claimed annually has been erroneously allowed in any one of the five preceding years, the chief appraiser shall add the property or appraised value that was erroneously exempted for each year to the appraisal roll as provided by Section 25.21 of this code for other property that escapes taxation.

*See also McPhail v. Tax Collector of Van Zandt County,* 280 S.W. 260, 265 (Tex.Civ. App.-Dallas 1926, writ ref'd) (if taxable property escapes assessment, "it becomes the duty of the assessor to assess the property for the omitted year"). This obligation to back-appraise is consistent both with the taxing unit's expectation of receiving necessary revenue, and with the taxpayer's duty to pay taxes. To continue providing effective public service, taxing units must receive the revenue allocated to

them through the tax system. *See Valero Transmission Co. v. Hays Consol. Indep. Sch. Dist.*, 704 S.W.2d 857, 859 n. 1 (Tex. App.-Austin 1985, writ ref'd n.r.e.). Moreover, a taxpayer owes a continuing obligation to pay taxes on its property. *See, e.g.*, TEX. TAX CODE § 11.43(g) ("A person who receives an exemption that is not required to be claimed annually shall notify the appraisal office in writing before May 1 after his entitlement to the exemption ends."); *see also McPhail*, 280 S.W. at 265 ("[W]here property for any reason has escaped assessment for any year, it is the duty of the owner to render the same and pay the tax[.]").

The Tax Code also establishes a procedure for the appraisal and back-appraisal of property. Subject to limited exceptions, the chief appraiser must appraise all taxable property at market value as of January 1 each year, and must determine whether exemptions should be granted based on the claimant's eligibility on that date. *See* TEX. TAX CODE §§ 11.42, 11.43, 23.01. Once property is appraised and an exemption denied, the chief appraiser lists all taxable property and its appraised value. *See* TEX. TAX CODE § 25.01. The chief appraiser's listing of all taxable property in the district and its appraisal value constitutes the appraisal records. *See id.* The chief appraiser submits the appraisal records to the review board, which reviews the records and hears challenges. *See* TEX. TAX CODE §§ 41.01–.03. When approved by the review board, these records become the appraisal district's tax roll. *See* TEX. TAX CODE § 25.24.

Tax Code § 25.21 mandates the procedure for back-appraising property:

(a) If the chief appraiser discovers that real property was omitted from an appraisal roll in any one of the five preceding years ..., he shall appraise the property as of January 1 of each year that it was omitted and enter the property and its appraised value in the appraisal records.

(b) The entry shall show that the appraisal is for property that was omitted from an appraisal roll in a prior year and shall indicate the year and the appraised value for each year.

Thus, under section 25.21, the omitted property is added to the current year's appraisal records, and the current appraisal can include an appraisal for each year the property was omitted from the appraisal records for up to the five preceding years. TEX. TAX CODE § 25.21; *see id.* § 11.43(i) (back-appraisal follows the procedure in section 25.21); 1 TEX. TAX REP. (CCH) ¶ 20–621 (1999) ("The chief appraiser must enter the property and its appraised value in the appraisal records, showing that the appraisal is for property that escaped taxation in a prior year. The entry must indicate the years the property escaped taxation and the appraised value for each year.").

The court of appeals held, however, that sections 11.43(i) and 25.21 permit back-appraisal only for a limited category of erroneously granted exemptions. 962 S.W.2d at 191. Sections 11.43 and 25.21 both require back-appraisal of property the chief appraiser "discovers" to have been erroneously exempted. The court of appeals reasoned that the Legislature's use of the word "discover" indicates the chief appraiser may only correct exemptions granted as a result of "inadvertent omissions or oversights," which was not the case here. *Id.* We disagree with the court of appeals' interpretation of these sections.

When interpreting a statute, we "consider the entire act, its nature and object, and the consequences that would follow from each construction." *Sharp v. House of Lloyd, Inc.*, 815 S.W.2d 245, 249 (Tex.1991). "[W]e must reject interpretations of a statute that defeat the purpose of the legislation so long as another reasonable interpretation exists." *Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex.1996). "Discover" can mean "to get knowledge of

what has existed but has not theretofore been known to the discoverer." BLACK'S LAW DICTIONARY 465 (6th ed.1990). Under this definition, the chief appraiser could discover that property has been improperly exempted in the past, even if the chief appraiser knew of the exemption but only realized later that the exemption was improper. Such a construction is consistent with the constitutional requirements of appraisal and equal and uniform taxation, the Legislature's comprehensive tax scheme, and the plain language of statute. Moreover, as discussed below, taxing units have standing under chapter 41 of the Tax Code to challenge the appraisal district's and chief appraiser's failure to back-appraise improperly exempted property. If the chief appraiser were not required to back-appraise improperly exempted property, then the remedies granted a taxing unit in chapter 41 of the Tax Code would be surplusage. *See Chevron Corp. v. Redmon,* 745 S.W.2d 314, 316 (Tex.1987) (we do not "treat any statutory language as surplusage if possible"). We therefore conclude that the Appraisal District and chief appraiser have a nondiscretionary duty to back-appraise property that has been erroneously exempted for up to five years.

■ We next address who has standing to challenge the chief appraiser's refusal to back-appraise property. In affirming the trial court's ruling that the County and School District lacked standing, the court of appeals concluded that adding improperly exempted property to the current tax rolls is within the exclusive province of the chief appraiser. 962 S.W.2d at 191. The County and School District argue, however, that chapters 41 and 42 of the Tax Code permit a taxing unit to challenge the chief appraiser's refusal to back-appraise property. We agree.

Chapters 41 and 42 of the Tax Code allow a taxing unit to challenge appraisal district decisions that affect appraisal records. A taxing unit may file a challenge petition with the appraisal review board. *See* TEX. TAX CODE § 41.04. Among other things, the taxing unit may challenge "an exclusion of property from the appraisal records" or "a grant in whole or in part of a partial exemption." TEX. TAX CODE § 41.03(2), (3). The review board then schedules a hearing and issues a written order. *See* TEX. TAX CODE §§ 41.05–.07. A taxing unit may appeal this order to the district court for trial *de novo. See* TEX. TAX CODE § 42.23.

■ One of the appraisal district's and chief appraiser's obligations is to back-appraise property that was improperly exempted up to five years ago. *See* TEX. TAX CODE §§ 11.43(i), 25.21. A back-appraisal must be included in the appraisal roll for the current year. *See* TEX. TAX CODE §§ 11.43(i), 25.21. As taxing units have standing to challenge appraisal decisions through the chapter 41 challenge petition process, and the decision to omit a back-appraisal from the current tax roll is an appraisal decision, taxing units have standing to challenge a refusal to back-appraise. We see nothing in the Tax Code that indicates otherwise. Moreover, reading sections 11.43 and 25.21 to prevent taxing units from bringing a challenge, and thereby allowing only the chief appraiser to discover improperly granted exemptions, would eviscerate the purpose of the section 41.04 challenge petition process.

As a practical matter, holding that taxing units do not have standing to challenge an appraisal district's failure to back-appraise would mean no one could challenge the chief appraiser's acts. Taxing units would be unable to collect duly owed revenue, and a windfall would result for property owners who wrongfully claim an exemption. The court of appeals noted that interpreting the Tax Code to permit anyone other than the chief appraiser to discover erroneously granted exemptions would disturb the Tax Code's allocation of power. 962 S.W.2d at 191. Leaving the chief appraiser unanswerable and the taxing units remediless, however, does not in our view reflect the balance of power the Legislature intended. Therefore, we con-

clude that the County and School District have standing to challenge the refusal of the Appraisal District and chief appraiser to back-appraise AHA's property, and the court of appeals erred in affirming summary judgment to the contrary.

■■■■ The court of appeals also concluded that the County and School District were barred by limitations because they did not challenge the exemptions within the year the exemptions were granted, as required by Tax Code § 41.04. 962 S.W.2d at 191–92. The County and School District argue that taxing units may challenge the failure to back-appraise property that was erroneously exempted up to five years before the challenge. Again, we agree with the County and School District.

Tax Code § 41.04 provides:

The appraisal review board is not required to hear or determine a challenge unless the taxing unit initiating the challenge files a petition with the board before June 1 or within 15 days after the date that the appraisal records are submitted to the appraisal review board, whichever is later. The petition must include an explanation for the grounds of the challenge.

Thus, to challenge a potential entry to an appraisal roll, the challenge must be timely brought in that year. But a back-appraisal does not retroactively change previous years' appraisal rolls. A back-appraisal is included in the appraisal roll for the year in which the failure to back-appraise is challenged. When a taxing unit challenges a back-appraisal in the current year's appraisal records, it is not challenging past rolls but rather the potential inclusion of past exemptions in the current roll. *See* TEX. TAX CODE § 11.43(i); *see also* *McPhail*, 280 S.W. at 265 ("[I]f [the taxpayer] should fail to discharge this legal duty [of paying taxes on property that has erroneously escaped assessment], it becomes the duty of the assessor to assess the property for the omitted year at the same rate under which it should have been assessed, and attach the assessment as a supplement to the regular rolls for the current year."). As a result, the limitations period for challenging the failure to back-appraise runs not in the year the exemption was erroneously granted, but rather in the year the failure to back-appraise has been challenged.

As the County and School District challenge the failure to include a back-appraisal in the then-current 1995 appraisal records, and are not challenging the appraisal rolls for earlier years, the limitations period for the County and School District extended to the later of June 1, 1995, or fifteen days after the submission of the appraisal records to the appraisal review board. *See* TEX. TAX CODE § 41.04. The County and School District brought their challenge on May 31, 1995; therefore, the limitations period had not yet run. The court of appeals erred in affirming the trial court's summary judgment that the County and School District were barred by limitations from seeking back-appraisal of AHA's property.

Because we hold that a taxing unit may challenge an appraisal district's and chief appraiser's failure to perform the nondiscretionary duty of back–appraising property that was erroneously exempted in any of the five years preceding the challenge, we reverse that part of the court of appeals' judgment affirming summary judgment for AHA and remand Petitioners' claims to the trial court for further proceedings consistent with this opinion.