Opinion issued January 26, 2006
















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01–04–01277–CV
____________
 
Jim Wells County and Premont Independent School District, Appellants
 
v.
 
El Paso Production Oil and Gas Company; El Paso Production Oil and Gas
USA, L.P.; El Paso CGP Company; Coastal Oil and Gas Corporation; The
Coastal Corporation; Coastal States Trading, Inc.; Coastal States Crude
Gathering Company; Coastal Gas Marketing Company; Coastal Limited
Ventures, Inc.; and El Paso Merchant Energy Company, Appellees
 

 
 
On Appeal from the 79th District Court
Jim Wells County, Texas
Trial Court Cause No. 03–08–41749
 
Appealed to the Court of Appeals for the Fourth District of Texas
Appellate Cause No. 04–04–00725–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01278–CV
____________
 
Brooks County and Brooks County ISD, Appellants
 
v.
 
El Paso Production Oil and Gas Company; El Paso Production Oil and Gas
USA, L.P.; El Paso CGP Company; Coastal Oil and Gas Corporation; The
Coastal Corporation; Coastal States Trading, Inc.; Coastal States Crude
Gathering Company; Coastal Gas Marketing Company; Coastal Limited
Ventures, Inc.; and El Paso Merchant Energy Company, Appellees
 

 
 
On Appeal from the 79th District Court
Brooks County, Texas
Trial Court Cause No. 03–08–11950CV
 
Appealed to the Court of Appeals for the Fourth District of Texas
Appellate Cause No. 04–04–00726–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01279–CV
____________
 
Brooks County and Brooks Independent School District, Appellants
 
v.
 
Texaco E&P, Inc. and Shell Western E&P, Inc., Appellees
 

 
 
On Appeal from the 79th District Court
Brooks County, Texas
Trial Court Cause No. 03–08–11943
 
Appealed to the Court of Appeals for the Fourth District of Texas
Appellate Cause No. 04–04–00727–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01280–CV
____________
 
Duval County; San Diego Independent School District; and Freer
Independent School District, Appellants
 
v.
 
Shell Western E&P, Inc., Appellee
 

 
 
On Appeal from the 229th District Court
Duval County, Texas
Trial Court Cause No. DC–03–313
 
Appealed to the Court of Appeals for the Fourth District of Texas
Appellate Cause No. 04–04–00728–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01281–CV
____________
 
Duval County; San Diego Independent School District; and 
Freer Independent School District, Appellants
 
v.
 
Conoco, Inc.; Continental Oil Company; Brandywine Industrial Gas;
ConocoPhillips Company; Phillips Petroleum Company; El Paso Production
Oil and Gas Company; El Paso Production Oil and Gas USA, L.P.; El Paso
CGP Company; Coastal Oil and Gas Corporation; The Coastal Corporation;
Coastal States Trading, Inc.; Coastal States Crude Gathering Company;
Coastal Gas Marketing Company; Coastal Limited Ventures, Inc.; and El
Paso Merchant Energy Company, Appellees
 

 
 
On Appeal from the 229th District Court
Duval County, Texas
Trial Court Cause No. DC–03–320
 
Appealed to the Court of Appeals for the Fourth District of Texas
Appellate Cause No. 04–04–00729–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01282–CV
____________
 
Jim Hogg County and Jim Hogg Independent School District, Appellants
 
v.
 
Chevron U.S.A., Inc. a/k/a Chevron Products Company, Appellee
 

 
 
On Appeal from the 229th District Court
Jim Hogg County, Texas
Trial Court Cause No. CC–03–115
 
Appealed to the Court of Appeals for the Fourth District of Texas
Appellate Cause No. 04–04–00730–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01283–CV
____________
 
Jim Wells County and Premont Independent School District, Appellants
 
v.
 
Anadarko Petroleum Corporation and Anadarko Holding Company f/k/a
Union Pacific Minerals, Inc. and f/k/a Union Pacific Resources Group, Inc.,
Appellees
 

 
 
On Appeal from the 79th District Court
Jim Wells County, Texas
Trial Court Cause No. 03–08–41740
 
Appealed to the Court of Appeals for the Fourth District of Texas
Appellate Cause No. 04–04–00731–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01284–CV
____________
 
Webb County, Appellant
 
v.
 
Chevron U.S.A., Inc. a/k/a Chevron Products Company; Texaco E&P, Inc.;
and Four Star Oil & Gas Company, Appellees
 

 
 
On Appeal from the 49th District Court
Webb County, Texas
Trial Court Cause No. 2003-CVQ-1374-D1
 
Appealed to the Court of Appeals for the Fourth District of Texas
Appellate Cause No. 04–04–00732–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01285–CV
____________
 
Webb County, Appellant
 
v.
 
Conoco Inc.; Continental Oil Company; Brandywine Industrial Gas;
ConocoPhillips Company; Phillips Petroleum Company; El Paso Production
Oil and Gas Company; El Paso Production Oil and Gas USA, L.P.; El Paso
CGP Company; Coastal Oil and Gas Corporation; The Coastal Corporation;
Coastal States Trading, Inc.; Coastal States Crude Gathering Company;
Coastal Gas Marketing Company; Coastal Limited Ventures, Inc.; and El
Paso Merchant Energy Company, Appellees
 

 
 
On Appeal from the 111th District Court
Webb County, Texas
Trial Court Cause No. 2003CVQ001368-D2
 
Appealed to the Court of Appeals for the Fourth District of Texas
Appellate Cause No. 04–04–00733–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01286–CV
____________
 
Zapata County and Zapata Independent School District, Appellants
 
v.
 
Conoco Inc.; Continental Oil Company; Brandywine Industrial Gas;
ConocoPhillips Company; Phillips Petroleum Company; El Paso Production
Oil and Gas Company; El Paso Production Oil and Gas USA, L.P.; El Paso
CGP Company; Coastal Oil and Gas Corporation; The Coastal Corporation;
Coastal States Trading, Inc.; Coastal States Crude Gathering Company;
Coastal Gas Marketing Company; Coastal Limited Ventures, Inc.; and El
Paso Merchant Energy Company, Appellees
 

 
 
On Appeal from the 49th District Court
Zapata County, Texas
Trial Court Cause No. 5,519
 
Appealed to the Court of Appeals for the Fourth District of Texas
Appellate Cause No. 04–04–00734–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01287–CV
____________
 
Zapata County and Zapata Independent School District, Appellants
 
v.
 
Chevron U.S.A., Inc. a/k/a Chevron Products Company; Shell Western E&P,
Inc.; Anadarko Petroleum Corporation; and Anadarko Holding Company
f/k/a Union Pacific Minerals, Inc. and f/k/a Union Pacific Resources Group,
Inc., Appellees
 

 
 
On Appeal from the 49th District Court
Zapata County, Texas
Trial Court Cause No. 5,520
 
Appealed to the Court of Appeals for the Fourth District of Texas
Appellate Cause No. 04–04–00735–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01326–CV
____________
 
Hidalgo County, Texas, Appellant
 
v.
 
Texaco, Inc., a surviving subsidiary of merger between Texaco, Inc. and
Chevron Inc.; TotalFinaElf E&P USA Inc.; Kerr–McGee Oil & Gas Onshore,
L.L.C.; Shell Western E&P, Inc.; and El Paso Production Oil & Gas
Company, Appellees
 

 
 
On Appeal from the 92nd District Court
Hidalgo County, Texas
Trial Court Cause No. C–640–03–A
 
Appealed to the Court of Appeals for the Thirteenth District of Texas
Appellate Cause No. 13–04–00542–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01327–CV
____________
 
Edinburg Consolidated Independent School District, Appellant
 
v.
 
Fina Oil and Chemical Company; Atofina Petrochemicals, Inc.; Fina, Inc.;
TotalFinaElf Gas & Power North America, Inc.; Fina Natural Gas Company;
Mokeen Oil Company; Conoco, Inc.; Continental Oil Company; Brandywine
Industrial Gas, Inc.; Shell Oil Company; Shell Western E&P, Inc.; Shell Gas
Trading Company; El Paso Production Oil and Gas Company; El Paso
Production Oil and Gas USA, L.P.; El Paso CGP Company; IBC Petroleum,
Inc.; Texas Independent Exploration, Inc.; Sun Operating Limited
Partnership; Oryx Energy Company; ANR Production Company; Coastal Oil
and Gas Corporation; The Coastal Corporation; Coastal States Trading, Inc.;
Coastal States Crude Gathering Company; Coastal Gas Marketing
Company; Coastal Limited Ventures, Inc.; El Paso Merchant Energy
Company; American Exploration Company; Contract Energy, L.L.C.; EOG
Resources, Inc.; Arco Oil & Gas Co.; Cody Energy LLC; Samedan Oil
Corporation; Cabot Oil & Gas Corporation; Vastar Resources, Inc.; BP
America Production Company; Kerr–McGee Oil & Gas Onshore LLC; Mobil
Producing TX. & N. M. Inc.; Chevron U.S.A. Inc.; Texaco, Inc.; and Socony
Mobil Company, Inc., Appellees
 

 
 
On Appeal from the 275th District Court
Hidalgo County, Texas
Trial Court Cause No. C–401–03–E
 
Appealed to the Court of Appeals for the Thirteenth District of Texas
Appellate Cause No. 13–04–00543–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01328–CV
____________
 
McAllen Independent School District, Appellant
 
v.
 
Fina Oil and Chemical Company; Altofina Petrochemicals, Inc.; Fina, Inc.;
TotalFinaElf Gas & Power North America, Inc.; Fina Natural Gas Company;
TotalFinaElf E&P USA, Inc.; Total E&P USA, Inc.; Denovo Oil & Gas, Inc.;
and Virtex Petroleum Company, Inc., Appellees
 

 
 
On Appeal from the 389th District Court
Hidalgo County, Texas
Trial Court Cause No. C–2195–03–H
 
Appealed to the Court of Appeals for the Thirteenth District of Texas
Appellate Cause No. 13–04–00544–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01329–CV
____________
 
Kleberg County and Kingsville Independent School District, Appellants
 
v.
 
Atofina Petrochemicals, Inc. f/k/a Fina Oil & Chemical Co.; Total Fina Elf
Holdings USA, Inc.; Anadarko Petroleum Corporation; and Anadarko
Holding Company f/k/a Union Pacific Minerals, Inc. and f/k/a Union Pacific
Resources Group, Inc., Appellees
 

 
 
On Appeal from the 105th District Court
Kleberg County, Texas
Trial Court Cause No. 03–441–D
 
Appealed to the Court of Appeals for the Thirteenth District of Texas
Appellate Cause No. 13–04–00553–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01330–CV
____________
 
Kleberg County and Kingsville Independent School District, Appellants
 
v.
 
El Paso Production Oil and Gas Company; El Paso Production Oil and Gas
USA, L.P.; El Paso CGP Company; Coastal Oil and Gas Corporation; The
Coastal Corporation; Coastal States Trading, Inc.; Coastal States Crude
Gathering Company; Coastal Gas Marketing Company; Coastal Limited
Ventures, Inc.; and El Paso Merchant Energy Company, Appellees
 

 
 
On Appeal from the 105th District Court
Kleberg County, Texas
Trial Court Cause No. 03–446–D
 
Appealed to the Court of Appeals for the Thirteenth District of Texas
Appellate Cause No. 13–04–00554–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01331–CV
____________
 
Willacy County, Appellant
 
v.
 
El Paso Production Oil and Gas Company; El Paso Production Oil and Gas
USA, L.P.; El Paso CGP Company; Coastal Oil and Gas Corporation; The
Coastal Corporation; Coastal States Trading, Inc.; Coastal States Crude
Gathering Company; Coastal Gas Marketing Company; Coastal Limited
Ventures, Inc.; and El Paso Merchant Energy Company, Appellees
 

 
 
On Appeal from the 357th District Court
Willacy County, Texas
Trial Court Cause No. 03–264
 
Appealed to the Court of Appeals for the Thirteenth District of Texas
Appellate Cause No. 13–04–00555–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01332–CV
____________
 
 Edcouch–Elsa Independent School District; La Villa Independent School
District; Progresso Independent School District; Weslaco Independent School
District; City of La Joya; City of Edinburg; City of Mercedes; and City of
Penitas, Appellants
 
v.
 
Chevron U.S.A., Inc. a/k/a Chevron Products Company; Texaco E&P, Inc.;
Shell Western E&P, Inc.; Atofina Petrochemicals, Inc. f/k/a Fina Oil &
Chemical Co.; and Total Fina Elf Holdings USA, Inc., Appellees
 

 
 
On Appeal from the 332nd District Court
Hidalgo County, Texas
Trial Court Cause No. C–2166–03–F
 
Appealed to the Court of Appeals for the Thirteenth District of Texas
Appellate Cause No. 13–04–00556–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01333–CV
____________
 
Kenedy County, Appellant
 
v.
 
El Paso Production Oil and Gas Company; El Paso Production Oil and Gas
USA, L.P.; El Paso CGP Company; Coastal Oil and Gas Corporation; The
Coastal Corporation; Coastal States Trading, Inc.; Coastal States Crude
Gathering Company; Coastal Gas Marketing Company; Coastal Limited
Ventures, Inc.; and El Paso Merchant Energy Company, Appellees
 

 
 
On Appeal from the 105th District Court
Kenedy County, Texas
Trial Court Cause No. 03–CV–103
 
Appealed to the Court of Appeals for the Thirteenth District of Texas
Appellate Cause No. 13–04–00557–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
O P I N I O N
          The appellant counties and school districts (collectively referred to as “the
Taxing Units”) filed claims in the trial courts for fraud and related causes of action
against the appellees (collectively referred to as “the Oil Companies”) arising out of
an alleged scheme to undervalue oil and gas reserves for ad valorem tax purposes.


 
The trial court granted the Oil Companies’ plea to the jurisdiction and dismissed the
Taxing Units’ cases for want of jurisdiction because they did not exhaust an
administrative remedy before filing suit.  
          In four points of error, the Taxing Units contend that (1) the district courts have
jurisdiction over their common-law remedy for fraud, (2) the district courts are not
divested of jurisdiction by the alleged existence of a Tax Code remedy for fraud for
which the Appraisal Review Board has jurisdiction, (3) the Oil Companies seek to
have this Court expand the Tax Code by creating a remedy before the Appraisal
Review Board, and (4) the Tax Code provides no pervasive regulatory scheme
encompassing the Taxing Units’ causes of action. We affirm the trial court’s order
dismissing the causes of action.
Background



          In 19 separate suits, the Taxing Units sued the Oil Companies alleging “fraud
and conspiracy to defraud [the Taxing Units] through a series of schemes to
manipulate the gas and oil markets in order to underpay Ad Valorem taxes to the
taxing authorities. . . .” The Taxing Units alleged that the Oil Companies were
conducting “sham sales of gas” amongst each other as well as reselling the gas all in
an attempt to devalue their property for ad valorem tax purposes. Specifically, the
Taxing Units alleged that 
By selling gas to marketing affiliates, reselling the gas for higher prices
through the affiliates and basing appraisals and ad valorem taxes on the
lower prices paid and received in the affiliated transaction, or on
fictional price calculations which did not equate to fair market value as
required by the Leases, [the Oil Companies] knowingly and intentionally
defrauded [the Taxing Units].
 
The Taxing Units asserted that, “through these fraudulent sales and the manipulation
of royalties on said sales and re-sales of gas from the Leases, [the Oil Companies]
made false, deceptive and misleading representations to [the Taxing Units] regarding
sales of gas covered by the [Leases] and the pricing used to properly appraise the
mineral estates.” The Taxing Units further alleged that the Oil Companies “failed to
disclose that prices were based on sales to affiliates who were in turn reselling the gas
for higher prices without adding value to the gas and that [the Oil Companies]
devised a formula by which to calculate royalties which did not relate to the economic
reality of the sale of gas from the field where the Leases were located.” The Oil
Companies allegedly “misrepresented prices and costs, thus causing the fictionally
low appraisal and thus incorrect ad valorem taxes to be calculated.” The Taxing
Units sued for fraud, negligent misrepresentation, and civil conspiracy to commit
fraud. The suit is not one to collect delinquent taxes. There is no allegation that the
Oil Companies failed to pay the taxes assessed them with respect to the oil interests.
          When they filed their answers, the Oil Companies also filed pleas to the
jurisdiction. The pleas argued that the trial court lacked jurisdiction over the Taxing
Units’ suits because (1) the Tax Code provides that an Appraisal Review Board has
exclusive jurisdiction over challenges to the value of the Oil Companies’ property,
(2) the remedies for the Taxing Units’ claims are exclusive and are contained in the
Tax Code, (3) the Taxing Units have not exhausted their administrative remedies
under the Tax Code, and (4) the counties lack standing to bring this lawsuit. The trial
court granted the pleas to the jurisdiction.
In re ExxonMobil Corporation
          In a case with almost identical facts, the Amarillo Court of Appeals recently
conditionally granted a petition for writ of mandamus directing the trial court to
dismiss the underlying suit. See In re ExxonMobil Corp., 153 S.W.3d 605, 619 (Tex.
App.—Amarillo 2004, orig. proceeding). In ExxonMobil Corp., the relators, which
consisted of more than 20 owners and operators of oil properties, filed a petition for
writ of mandamus after the trial court denied their pleas to the jurisdiction. Id. at
607–08. In the underlying suit, Yoakum County and the Denver City and Plains
Independent School Districts sued 28 owners and operators of oil companies in
Yoakum County, asserting causes of action for fraud and conspiracy with respect to
the valuation of the properties for ad valorem tax purposes. Id. at 608.
          In ExxonMobil, the taxing units alleged that 
the defendant companies, knowing and intending that appraisers rely on
[historical sales prices], engaged in a conspiracy and fraud carried out
by misrepresentations of the market price for oil through various
transactions, including posted price sales; sales of oil to subsidiary or
affiliated companies at below-market prices; and “buy/sell” or “swap
sales.”

Id. at 608-09. This conduct allegedly “constituted a ‘systematic price undervaluation’
that reduced the taxable value of their mineral interests and caused the taxing units
to lose tax revenue.” Id. at 609. The Amarillo Court identified “two threshold
conclusions” that guided their disposition of the proceedings. 
Nature of Underlying Suit
          The first threshold conclusion concerned the nature of the underlying suit. Id.
at 612. The defendant companies classified the taxing units’ suit as an ad valorem tax
case, and the taxing units called it a fraud and conspiracy case. Id. The court noted
that the district court would be unable to “adjudicate the claims asserted in the taxing
units’ pleading and award the relief they seek without determining the market value,
for ad valorem tax purposes, of the mineral interests in question. Id. (citing Tex. Tax
Code Ann. § 26.09 (Vernon 2001) (entitled “Calculation of Tax”)). Relying on
Ector County v. Stringer, 843 S.W.2d 477 (Tex. 1992), the Amarillo Court of Appeals
concluded that
a suit to recover damages measured by the ad valorem taxes not received
by a taxing unit because of undervaluation of property necessarily
involves substituting the district court’s determination of the proper
value of the property for that determined by the appraisal district and
approved by the appraisal review board. And . . . we cannot consider the
trial court’s jurisdiction over the taxing units’ claims here outside the
constitutional and statutory provisions governing the appraisal of
property for ad valorem purposes.

Id. at 613.
Tax Code Remedy
          The second threshold conclusion reached by the ExxonMobil court was that the
Tax Code provided a remedy for the taxing units. Id. The court recognized that the
chief appraiser had a nondiscretionary duty under section 25.21 to add to the
appraisal roll real property omitted in any one of the five proceeding years. Id. (citing
Atascosa County v. Atascosa County Appraisal Dist., 990 S.W.2d 255, 257 (Tex.
1999)). The court concluded that, “for purposes of section 25.21, property ‘omitted’
from the appraisal roll includes that undervalued by virtue of taxpayer fraud.” Id.
(citing Beck & Masten Pontiac-GMC, Inc. v. Harris County Appraisal Dist., 830
S.W.2d 291, 294–95 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (holding
that, when the property assessments were void ab initio, the property “escaped
taxation.”)). The court also noted that section 41.03 provides for a remedy in the
event that the chief appraiser fails to address the allegedly fraudulent activity. Id. at
614. Section 41.03 provides that “a taxing unit is entitled to challenge before the
appraisal review board. . . .” Tex. Tax Code Ann. § 41.03 (Vernon 2001). Failing
to receive a satisfactory result at the Appraisal Review Board, de novo judicial review
of its decision was available. See id. §§ 42.031, 42.21, 42.23; Atascosa County, 990
S.W.2d at 259.
          Once it made these two “threshold conclusions,” the Amarillo Court was led
to the question of whether the Tax Code’s remedies were “the exclusive means by
which a taxing unit must address claims of fraud and conspiracy occurring in the
appraisal process.” In re ExxonMobil, 153 S.W.3d at 614. 
Exclusive Remedy
          ExxonMobil recognized that, “whether an administrative body has been given
the sole authority, or exclusive jurisdiction, to make an initial determination in a
dispute depends on statutory interpretation.” Id. at 615 (citing Subaru of America,
Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 221 (Tex. 2002)). The court
found that “the provisions of the Tax Code expressly provide the necessary
authority.” Id. (citing Tex. Tax Code Ann.§§ 6.01, 6.03, 23.01, 25.21 and Atascosa
County, 990 S.W.2d at 257 (Appraisal Review Board is “charged with ensuring that
property is properly appraised”)). The court stated that it would “defeat the Tax
Code’s purpose” to deny the appraisal review board and taxing units the power to
address and remedy, through Code procedures, fraudulent conduct that reduces the
appraised value of the mineral interests below the statutorily-required market price. 
Id. at 615–16. After an examination of the Tax Code and, after noting the absence
of any specific legislative expressions of intent regarding exclusive jurisdiction, the
court commented that
Despite the absence from the Tax Code of specific language so
providing, the nature of the governmental function exercised through the
Tax Code, the constitutional mandates it implements, its comprehensive
and detailed provisions concerning appraisal of property, and its
provision of remedies combine to require the conclusion that the
Legislature intended the Code procedures to be the exclusive means
through which the taxing units may seek a remedy for the injuries
caused them by the tortious conduct alleged here. 

Id. at 618. The Amarillo court concluded that the taxing units had failed to exhaust
“remedies the Legislature has made exclusive under the Tax Code, depriving the trial
court of jurisdiction.” Id.
          Here, with essentially the same set of facts, we are asked to determine whether
the trial court erred when it granted the Oil Companies’ pleas to the jurisdiction and
dismissed the Taxing Units’ cases for want of jurisdiction because they did not
exhaust an administrative remedy before filing suit.
 
Standard of Review for Plea to the Jurisdiction
          The existence of subject-matter jurisdiction is a question of law. State ex rel.
State Dep’t of Highways & Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex.
2002). Therefore, we review de novo the trial court’s ruling on a plea to the
jurisdiction. Id. In deciding a plea to the jurisdiction, a court may not consider the
merits of the case, but only the plaintiff’s pleadings and the evidence pertinent to the
jurisdictional inquiry. County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex.
2002).
Ad Valorem Taxes
          The Texas Constitution generally authorizes taxes on property in proportion
to the property’s value. Tex. Const. art. VIII, § 1(b); Tex. Mun. League
Intergovernmental Risk Pool v. Tex. Workers’ Comp. Com’n, 74 S.W.3d 377, 387
(Tex. 2002). An “ad valorem” tax is a tax on property at a certain rate based on the
property’s value. See generally 71 Am. Jur. 2D State & Local Taxation § 20 (1973);
Tex. Mun. League Intergovernmental Risk Pool, 74 S.W.3d at 387. Obligations to
pay, as well as exemptions from, ad valorem taxes are derived entirely from
constitutional and statutory provisions. City of Houston v. Northwood Mun. Util.
Dist. No. 1, 73 S.W.3d 304, 311 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). 
The amount of ad valorem taxes owed is based on the appraised value of the property. 
          Section 23.175 of the Texas Tax Code sets forth the method by which the
mineral properties must be appraised. Section 23.175(a) provides in part that, 
if a real property interest in oil or gas in place is appraised by a method
that takes into account the future income from the sale of oil or gas to be
produced from the interest, the method must use the average price of the
oil or gas from the interest for the preceding year as the price at which
the oil or gas produced from the interest is projected to be sold in the
current year of the appraisal. 

Tex. Tax Code Ann. § 23.175 (Vernon 2001).  
 Common Law Remedy
          In point of error one, the Taxing Units argue that they have a common law
remedy for fraud and the district courts have jurisdiction of these claims. The Taxing
Units reference a 19th century United States Supreme Court case for the
“unquestioned principal of law” that a sovereign has the right to pursue common law
remedies against tortfeasors in its own courts. See Cotton v. United States, 52 U.S.
229, 230 (1850). 
          A municipal corporation’s power to tax property is derived solely “by virtue
of authority delegated to them by the state.” Texas & Pac. Ry. Co. v. City of El Paso,
85 S.W.2d 245, 247 (Tex. 1935). Without a common law right to tax, the Taxing
Units have no common law right to sue for damages for an alleged loss in tax
revenues. See Bullock v. Amoco Prod. Co., 608 S.W.2d 899, 901 (Tex. 1980) (with
statutory right and remedy not existing at common law, courts act in manner provided
by statute). When considering a claim premised on a right created entirely by statute,
“courts may act only in the manner provided by the statute which created the right.” 
Id.
          Market value for ad valorem tax purposes is determined by appraisal districts
and Appraisal Review Boards. Tex. Tax Code Ann. §§ 6.01(b); 41.01(a) (Vernon
2001). The Taxing Units’ claim would require the trial court to substitute its
determination of the market value of the Oil Companies’ property for the
determination of the appraisal districts and Appraisal Review Boards. See In re
ExxonMobil, 153 S.W.3d at 613. As the ExxonMobil court stated, “we cannot
consider the trial court’s jurisdiction over the taxing units’ claims here outside the
constitutional and statutory provisions governing appraisal of property for ad volorem
tax purposes.” Id. at 613. The Taxing Units cannot avoid the procedures and
remedies in the Tax Code by characterizing a statutory tax case as a common law
fraud case. See id. Accordingly, we overrule point of error one.
Tax Code Remedy
          In point of error two, the Taxing Units contend that the district courts are not
divested of jurisdiction by the alleged existence of a Tax Code remedy for fraud for
which the Appraisal Review Board of each county has jurisdiction, and which remedy
the Taxing Units have failed to exhaust prior to filing suit. And, in point of error
three, the Taxing Units argue that the Oil Companies “seek to have the court expand
the Tax Code, creating a remedy before the Appraisal Review Board, by implying
into Tax Code section 25.21 a private cause of action that is not found in the statute’s
wording or sanctioned by the statute itself in order to defeat the jurisdiction of the
district court.”
          The Texas Constitution provides that the trial courts have jurisdiction “except
in cases where exclusive, appellate, or original jurisdiction may be conferred by this
Constitution or other law on some other court, tribunal, or administrative body.” 
Tex. Const. art. V, § 8. An agency has exclusive jurisdiction when “a pervasive
regulatory scheme indicates that [the Legislature] intended for the regulatory process
to be the exclusive means of remedying the problem to which the regulation is
addressed.” In re Entergy Corp., 142 S.W.3d 316, 322 (Tex. 2004). 
          The Tax Code is a classic example of a “pervasive regulatory scheme”
evidencing a legislative intent to vest the responsible agency with exclusive
jurisdiction, in this case the Appraisal Review Board. One of the Legislature’s
primary purposes in enacting the Tax Code was to establish a system that yields fair
and uniform valuations across taxing units. Watson v. Robertson County Appraisal
Review Bd., 795 S.W.2d 307, 310 (Tex. App.—Waco 1990, no writ). To accomplish
this purpose, the Legislature abolished the appraisal authority of the taxing units,
established a centralized appraisal district for every county, and charged the appraisal
districts with the exclusive responsibility “for appraising property in the district for
ad valorem tax purposes of each taxing unit that imposes ad valorem taxes on
property in the district.” Tex. Tax Code Ann. § 6.01. With this shift of power, the
taxing units were sidelined in the appraisal process, except for certain specifically
circumscribed rights with respect to contested appraisals before the Appraisal Review
Board and rights of appeal from decisions of that tribunal. 
          Accordingly, because the Tax Code comprises precisely the type of
“comprehensive legislative scheme” that courts, including the ExxonMobil court
routinely hold to be exclusive and, because the Supreme Court of Texas has already
concluded that the Tax Code’s detailed provisions for adjudicating tax disputes
represent a “comprehensive tax scheme,” we overrule point of error two. See
ExxonMobil, 153 S.W.3d at 618; see also Atascosa County, 990 S.W.2d at 259.
          Alternatively, the Taxing Units argue that the Legislature has not given them
a remedy. We disagree.
          In fact, the Tax Code provides at least two remedies for any alleged fraud by
taxpayers which results in undervaluation of property. First, the Taxing Units may
file a challenge to the Appraisal Review Board’s valuation of a category of properties,
which here would be oil and gas properties. Tex. Tax Code Ann. § 41.03(a)(1)
(Vernon 2001). Alternatively, the Taxing Units could have petitioned the chief
appraiser to void the original appraisal and then back-appraise the properties in
accordance with section 25.21 of the Tax Code. Tex. Tax Code Ann. § 25.21
(Vernon 2001); In re ExxonMobil, 153 S.W.3d at 613–14; Beck & Masten, 830
S.W.2d at 294–95.



          The Taxing Units argue that the amendment to section 25.21 that changed the
wording “escaped taxation” to “omitted” property, renders 25.21 inapplicable to the
facts before us. We disagree. Both In re ExxonMobil and Beck & Masten considered
the very argument presented by the Taxing Units, and both courts concluded that 
section 25.21’s application is determined by the allegation of fraud, not the
characterization of the result. See In re ExxonMobil, 153 S.W.3d at 613 (“For
purposes of 25.21, property ‘omitted’ from the appraisal roll includes that
undervalued by virtue of taxpayer fraud.”); see also Beck & Masten, 830 S.W.2d at
295 (fraud caused the initial assessment to be void ab initio, and the property escaped
taxation for purposes of section 25.21).
          Accordingly, we overrule points of error two and three. 
Pervasive Regulatory Scheme
          In point of error four, the Taxing Units contend that “the Tax Code provides
no pervasive regulatory scheme encompassing their causes of action, the purpose and
effectiveness of which statutory scheme would be defeated by allowing the trial
courts to try these cases as common law fraud actions.”
          The ExxonMobil court held that three factors “combine to require the
conclusion that the Legislature intended the Code procedures to be the exclusive
means through which the taxing units may seek a remedy for the injuries caused them
by the tortious conduct alleged here.” In re ExxonMobil, 153 S.W.3d at 618. These
factors are: (1) the constitution’s mandate for a single appraisal of property, (2) the
Tax Code provisions relating to the [Appraisal Review Board’s] jurisdiction, and (3)
the Tax Code’s overall, comprehensive and detailed scheme regarding appraisal and
remedies. Id.
          For the reasons previously discussed herein, the Taxing Units have not
persuaded us that we should reach a different conclusion than that of the ExxonMobil
court. Accordingly, we overrule point of error four.
 
 
 
Conclusion
          We agree with the summation found in one of the briefs filed by the Oil
Companies. It stated that, 
accepting [the Taxing Units’] novel theory would undermine the Tax
Code’s processes, strip the Appraisal Review Boards of their
sovereignty over property tax appraisals and their role in valuation
disputes, disrupt a well-thought-out administrative system that has
successfully recovered over $5 billion in fraudulent underpayments in
Harris County alone, and open the floodgates to a new era of judicially-created ad valorem tax suits, in direct contravention of the Legislature’s
intent. 

We decline to do so. Accordingly, we affirm the trial court’s order dismissing the
causes of action.

                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Hanks.

Justice Jennings, concurring.