COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-138-CV

 

 

TILDE JONES (BELENKI)                                                        APPELLANT

 

                                                   V.

 

LINDA KROWN                                                                      APPELLEE

 

                                              ------------

 

               FROM PROBATE
COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

 

I.  Introduction








This is an appeal from a declaratory judgment
voiding a will=s bequests and devises to
Appellant Tilde Jones (Belenki).  The
primary issue we address in this appeal is whether a paralegal employed as an
in-office independent contractor is nonetheless an employee for purposes of the
application of probate code section 58b.[1]  Because we hold that an in-office independent
contractor is an employee within the meaning of the statute, we will affirm the
trial court=s declaratory judgment and the
trial court=s award of attorney=s fees
to Appellee Linda Krown, the testator=s
sister.

II.  Factual and Procedural Background

Attorney John Corbin prepared the Last Will and
Testament of Michele I. Zorn.  Zorn
signed the will on May 5, 2003.  Zorn=s will
named Belenki as executrix and as a beneficiary of Zorn=s
estate.  Belenki worked in Corbin=s office
as an independent contractor for several years, including the time during which
Corbin drafted Zorn=s will and when Zorn executed
the will.  Belenki also performed work
for several other attorneys who office-shared with Corbin; she kept track of
her time, and each attorney paid her for the time she spent on their
cases.  








After Zorn passed away, Belenki filed Zorn=s will
for probate.  Krown, Zorn=s sister
and heir at law, filed a motion for declaratory judgment, arguing that all
devises and bequests to Belenki were void under Texas Probate Code section 58b,
which provided that Aa devise or bequest of property
in a will to an heir or employee of the attorney who prepares or supervises the
preparation of the will is void.@  See Act of May 30, 1997, 75th Leg.,
R.S., ch. 1054, ' 1, 1997 Tex. Gen. Laws 4016,
4017 (amended 2005) (current version at Tex.
Prob. Code Ann. ' 58b(a)(2) (Vernon Supp. 2006)).[2]  The trial court held an evidentiary hearing
on Krown=s motion
for declaratory judgment, found that all bequests and devises to Belenki were
void, and ordered that the bequests to Belenki be delivered to Zorn=s
intestate heirs.  The trial court=s
declaratory judgment also ordered Belenki to pay Krown=s costs
and attorney=s fees in the amount of
$3,792.  The trial court signed findings
of fact and conclusions of law supporting its judgment. 

Belenki perfected this appeal and complains, in a
single issue, that the trial court misconstrued and misapplied Texas Probate
Code section 58b and erred by awarding attorney=s fees
and costs to Krown.

III.  Void Bequests








Belenki contends that the trial court improperly construed
probate code section 58b in a manner that voids Zorn=s
testamentary intent and void=s Zorn=s valid
bequests to her.  Specifically, Belenki
argues that Zorn=s bequests to her do not violate
probate code section 58b because no evidence exists that Corbin, directly or
indirectly through an employee or heir, sought to obtain all or a portion of
Zorn=s estate
and because she, Belenki, was not Corbin=s
employee. 

Belenki testified that she had worked for Corbin
as an in-office independent contractor for several years; she worked for Corbin
in this capacity when he drafted Zorn=s will
and on the date that Zorn signed her will. 
Belenki explained, however, that she did not draft Zorn=s will
and was not present in the room when Zorn signed the will.  Belenki testified that she did contract work
for Corbin from February 2003 to September 2004 and that she mainly worked on
Corbin=s
personal injury cases.  Belenki explained
that she could come and go from the office as she pleased, that she was paid
contract wages, that Corbin issued a Form 1099 to her, and that Corbin did not
provide her with any benefits.  








Corbin also testified that he prepared Zorn=s
will.  He said that Belenki worked for
him at his office as a legal assistant. 
Corbin confirmed that Belenki was an independent contrator, she could
come and go as she pleased, and he did not provide benefits to her.  Corbin stated that Belenki freely used his
office internet and, except for some computer glitches, had access to his
computer files; she shared his network. 

Based on this evidence, the trial court foundCin what
is labeled as finding of fact number oneCthat
Belenki Awas an
employee, within the meaning of 58b of the Texas Probate Code, of the attorney
who prepared the Last Will and Testament filed herein, at both the time of
drafting said Will and at the time of execution of said Will.@  In finding of fact number two, the trial
court found that Belenki Ais not the spouse of the
testator, an ascendant or descendent of the testator, related within the third
degree by consanguinity or affinity to the testator, or a bona fide purchaser
for value from a devisee in the Will.@  








Because the evidence concerning Belenki=s status as an
in-office independent contractor as well as her relationship to Zorn was
undisputed, the issue before us is whether the trial court properly applied the
law, specifically probate code section 58b, to the undisputed facts.  Thus, the issue presented is one of
statutory construction, and we review matters of statutory construction de
novo.  City of San Antonio v. City of
Boerne, 111 S.W.3d 22, 25 (Tex. 2003); City of Harlingen v. Alvarez,
204 S.W.3d 452, 459 (Tex. App.CCorpus
Christi 2005, no pet.).  Our primary
objective in construing a statute is to give effect to the Legislature=s
intent.  McIntyre v. Ramirez, 109
S.W.3d 741, 745 (Tex. 2003).  If the
statutory language is unambiguous, we will interpret the statute according to
the Aplain
and common meaning of the statute=s words.@  State ex rel. State Dep=t of
Highways & Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002)
(quoting Fitzgerald v. Advanced Spine Fixation Sys., Inc., 996 S.W.2d
864, 865 (Tex. 1999)).  However, we must
also consider the entire act, its nature and object, and the consequences that
would follow from each construction.  Atascosa
County v. Atascosa County Appraisal Dist., 990 S.W.2d 255, 258 (Tex.
1999).  Thus, we read the statute as a
whole and interpret it to give effect to every part.  City of San Antonio, 111 S.W.3d at 25.

At the time the will was executed, Texas Probate
Code section 58b stated that Aa devise
or bequest of property in a will to an heir or employee of the attorney who
prepares or supervises the preparation of the will is void.@  Tex.
Prob. Code Ann. ' 58b(a).  The statute specified that it did not apply
to a bona fide purchaser for value from a devisee in a will or to a devise or
bequest made to a person who (1) is the testator=s
spouse, (2) is an ascendant or descendant of the testator, or (3) is related
within the third degree by consanguinity or affinity to the testator.  Id. '58b(b).  No other exceptions are listed.








The term Aemployee@ is not
defined in the probate code.  See
generally id. ' 3 (Vernon 2003).  Because the language of probate code section
58b is unambiguous and Belenki has not argued that the language is ambiguous,
we apply the plain and common meaning of the word Aemployee.@  At its simplest, an Aemployee@ is A[o]ne
who works for an employer; a person working for salary or wages.@  Black=s Law
Dictionary 525 (6th ed. 1990).  Here, the
evidence demonstrated that Corbin paid Belenki for legal services that she
performed for him in his office; thus, under the above definition Belenki was
Corbin=s
employee.  She worked for Corbin for
wages.  Neither probate code section 58b
nor any other probate code section draws a distinction between workers employed
as independent contractors earning hourly wages and workers employed as
traditional employees earning a salary.








Moreover, the application of section 58b to void
Zorn=s
bequests to Belenki is consistent with the Legislature=s intent
in drafting the section, which was to avoid having an interested person use his
position of trust to benefit himself.  See Stanley M. Johanson, Johanson=s Texas
Probate Code Annotated ' 58b cmt. (1998 ed.) (stating, AWith a
growing elderly population in Texas, there has been an increase in attorneys
who have, unknowingly to the testator or rightful heirs, written themselves
into wills.@); see also Brown v. Traylor,
No. 01-04-01091-CV, 2006 WL 1098265, at *21 (Tex. App.CHouston
[1st Dist.] Nov. 2, 2006, no pet. h.) (supp. op. on reh=g)
(Keyes, J., dissenting from denial of en banc reconsideration) (stating that
under section 58b, a person who drafts a will is an interested person who may
not use that position of trust to benefit either himself or a close relative).

Concerning Belenki=s
argument that no evidence exists that Corbin, directly or indirectly through an
employee or heir, sought to obtain all or a portion of Zorn=s
estate, such a finding is not a prerequisite to the application of probate code
section 58b.  See Tex. Prob. Code Ann. '
58b.  Consequently, we cannot hold that
the absence of evidence of this fact precludes application of probate code
section 58b.








The bottom line is that Belenki was working in
Corbin=s
office, performing duties as a legal assistant for him during the time period
when Corbin drafted Zorn=s willCwhich
made devises and bequests to BelenkiCand when
Zorn executed that will.  The plain
language of probate code section 58b, the stated legislative purpose in
enacting section 58b, and a review of the probate code as a whole, all dictate
the conclusion that Belenki was Corbin=s
employee for purposes of the application of probate code section 58b.  The evidence is undisputed that Belenki=s
relationship with Zorn did not fall within one of the statutory exceptions to
the application of probate code section 58b; that is, Belenki was not a bona
fide purchaser for value, she is not Zorn=s
spouse, she is not an ascendant or descendant of Zorn, and she is not related
within the third degree by consanguinity or affinity to Zorn.  Id. '58b(b).  Because the trial court properly found that
Belenki was Corbin=s employee under probate code
section 58b and because the evidence conclusively established that Belenki did
not fall within any of the exceptions to section 58b, the trial court correctly
applied probate code section 58b to the present facts to void Zorn=s will=s
devises and bequests to Belenki.  We
overrule this portion of Belenki=s issue.

IV.  Attorney=s Fees

Belenki next argues that the trial court erred
and abused its discretion by awarding attorney=s fees
to Krown.  Belenki contends that the
trial court was not required to assess attorney=s fees
against her under the Declaratory Judgment Act and that she defended her friend=s will
in the trial proceeding in good faith. 








Under the Texas Declaratory Judgment Act, the
granting of attorney=s fees is within the discretion
of the trial court.  Tex. Civ. Prac. & Rem. Code Ann. ' 37.009
(Vernon 1997); Bocquet v. Herring, 972 S.W.2d 19, 20-21 (Tex.
1998).  The Act, however, imposes four
limitations on that discretion.  Bocquet,
972 S.W.2d at 21.  The attorney=s fees
must be (1) reasonable, (2) necessary, (3) equitable, and (4) just.  Id. 
This court will reverse an award of attorney=s fees
under the Texas Declaratory Judgment Act only if the lower court abused its
discretion by either (1) awarding fees when there was insufficient evidence
that the fees were reasonable and necessary or (2) acting  arbitrarily, unreasonably, or without regard
to guiding legal principles in its determination that the fees awarded were
equitable and just.  Id.

Here, the trial court made findings of fact that
the amount of attorney=s fees granted were just and
reasonable.  Belenki=s only
argument on appeal is that the trial court unfairly assessed attorney=s fees
against her.  But, the trial court
granted declaratory judgment in Krown=s favor
by voiding the bequests to Belenki. 
Therefore, we cannot say that the trial court=s award
of attorney=s fees to Krown was unnecessary
or unequitable; Krown prevailed in her declaratory action.  See id. Because Belenki failed to
demonstrate that the trial court abused its discretion by awarding attorney=s fees,
we overrule this portion of Belenki=s issue.

V.  Conclusion

Having addressed both of the challenges asserted
in Belenki=s sole issue and having
overruled the issue, we affirm the trial court=s
declaratory judgment declaring all devises and gifts to Belenki void and
assessing attorney=s fees against Belenki.

 

SUE
WALKER

JUSTICE

 

PANEL A:  CAYCE, C.J.; WALKER and MCCOY, JJ.

 

 

DELIVERED: January 25,
2007








 











[1]See Act of May 30, 1997,
75th Leg., R.S., ch. 1054, ' 1, 1997 Tex. Gen. Laws 4016, 4017 (amended 2005)
(current version at Tex. Prob. Code Ann.
' 58b(a)(2) (Vernon Supp.
2006)).





[2]The Legislature amended
Texas Probate Code section 58b(a) in 2005. The amended version applies only to
wills executed on or after the September 1, 2005.  Although the amended provision is
substantially the same as the prior version, all references to section 58b in
this opinion are to the prior version, which was in force during 2003 when the
will at issue was executed.