11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Winston C. Kenworthy; Kenworthy Tank 

Company,
LP; and Cherokee Rental, Inc.

 

Appellants

Vs.                   No. 11-04-00073-CV -- Appeal from Ector County

Kenworthy
Corporation, Mary E. Kenworthy, 

and
Lynette Franklin

 

Appellees

 

Kenworthy Corporation,
Mary E. Kenworthy, and Lynette Franklin sued Winston
C. Kenworthy; Kenworthy
Tank Company, LP; Cherokee Rental, Inc. and others seeking the dissolution of a
limited partnership.  After more than 120
days had expired from the date that appellees filed
the suit for dissolution, they moved for a partial summary judgment under the
Texas Revised Limited Partnership Act, TEX.REV.CIV.STAT.ANN. art.
6132a-1, ' 4.02(a)(5) (Vernon  Supp.
2004 - 2005).  Appellees
claimed that the passage of more than 120 days without a dismissal of the suit
resulted in an Aevent of
withdrawal@; that,
as a result of that Aevent
of withdrawal,@ Winston
C. Kenworthy was no longer the general partner; that
the partnership was, therefore, automatically dissolved; and that they were
entitled to the appointment of a trustee to wind up the affairs of the limited
partnership.

The trial court granted a partial summary judgment
in which it held that the limited partnership was dissolved.   The trial court also appointed a trustee to
wind up the affairs of the limited partnership. 
Because we hold that the pendency of this
lawsuit did not bring about an Aevent
of withdrawal,@ we
reverse the partial summary judgment, set aside the order appointing the
trustee, and remand this cause to the trial court.[1]








Appellees are limited
partners of a limited partnership known as Kenworthy
Tank Company, LP.  Cherokee Rental, Inc.
is also a limited partner of Kenworthy Tank.  Gary L. Watkins is another limited partner of
Kenworthy Tank but is not involved in this appeal.  Winston C. Kenworthy
is the general partner of Kenworthy Tank.  A discussion of the business pursuits of the
partnership as well as its financial position and general background is omitted
from this opinion as it is not germane to the main issue to be decided.

In two unnumbered issues, appellants first argue
that the trial court erred when it entered a partial summary judgment declaring
that the limited partnership had automatically terminated under the provisions
of the Texas Revised Limited Partnership Act. 
Next, appellants argue that the trial court also erred when it appointed
a trustee to wind up the affairs of the limited partnership.  We have found no cases, nor have we been
cited to any, in which the issues presented to us have been decided.

Appellees, as movants for summary judgment, had the burden of showing
that there was no genuine issue of material fact and that they were entitled to
judgment as a matter of law. 
TEX.R.CIV.P. 166a; Goswami v.
Metropolitan Savings and Loan Association, 751 S.W.2d 487, 491 (Tex.1988); Nixon
v. Mr. Property Management Company, Inc., 690 S.W.2d 546, 548‑49
(Tex. 1985); City of Houston v. Clear Creek Basin Authority, 589 S.W.2d
671, 676 (Tex.1979).  Here, we are called
upon to construe a statute.  Such
questions are considered to involve questions of law, and they are reviewed de
novo.  Johnson v.
City of Fort Worth, 774 S.W.2d 653, 656 (Tex.1989); State v. Heal,
917 S.W.2d 6, 9 (Tex.1966).

In its summary judgment, the trial court found
that an Aevent of
withdrawal@ had
occurred and that Kenworthy Tank was automatically
dissolved.  The trial court=s ruling was based upon its
interpretation of Article 6132a-1, section 4.02(a)(5)
which provides:

(a) A person ceases to be a general partner of a
limited partnership on the occurrence of any of the following events of
withdrawal:

 








(5) Unless otherwise provided in a written
partnership agree-ment or with the written consent of
all partners, 120 days expire after the date of the commencement of a
proceeding against the general partner seeking reorganization, arrangement,
composition, readjust-ment, liquidation, dissolution,
or similar relief under any law if the proceeding has not been previously
dismissed, or 90 days expire after the date of the appointment, without the
general partner=s consent
or acquiescence, of a trustee, receiver, or liquidator of the general partner
or of all or any substantial part of the general partner=s
pro-perties if the appointment has not previously
been vacated or stayed, or 90 days expire after the date of expiration of a
stay, if the appointment has not previously been vacated.[2]

 

Appellees claim that,
because the suit had not been dismissed, an Aevent
of withdrawal@ occurred
on the 121st day after this lawsuit was filed and the partnership was
automatically dissolved as provided for by the Texas Revised Limited
Partnership Act, TEX.REV.CIV.STAT.ANN. art. 6132a-1, ' 8.01 (Vernon Supp. 2004 - 2005).  They also argue that, after the automatic
dissolution, they were entitled to the appointment of a trustee to wind up the
affairs of the partnership in accordance with Article 6132a-1, section 8.01 of
the Texas Revised Limited Partnership Act because there was no other general
partner.  Appellants argue that the pendency of this lawsuit did not bring about an Aevent of withdrawal@ and, therefore, did not trigger an
automatic dissolution.  We agree with
appellants.

We construe a statute with the goal of determining
and giving effect to the legislature=s
intent.  TEX. GOV=T CODE ANN. '
312.005 (Vernon 1998); American Home Products Corporation v. Clark, 38
S.W.3d 92, 95-96 (Tex.2000).  This
court will attempt to discover the intent from the language actually used by
the legislature.  Mitchell
Energy Corporation v. Ashworth, 943 S.W.2d 436, 438 (Tex.1997).  We look first to the plain and common meaning
of the words used in the statute.  Fitzgerald v. Advanced Spine Fixation Systems, Inc., 996
S.W.2d 864, 865 (Tex.1999).  If
the meaning is unambiguous, a statute should generally be interpreted according
to its plain meaning.  City
of San Antonio v. City of Boerne, 111 S.W.3d 22 (Tex.2003).  We also consider the nature and object of the
statute and the consequences which would follow from alternate constructions
offered.  Atascosa
County v. Atascosa County Appraisal District, 990 S.W.2d 255, 258
(Tex.1999).








While appellees argue
that this very lawsuit triggered an Aevent
of withdrawal@ and the
attendant dissolution, appellants maintain that Article 6132a-1, section
4.02(a)(5) speaks to lawsuits against the general partner in which
relief is sought against the general partner for the general partner=s reorganization, arrangement,
composition, readjustment, liquidation, dissolution, or similar relief.  This lawsuit, appellants argue, is for
dissolution of the partnership and not the dissolution of the general partner;
therefore, Article 6132a-1, section 4.02(a)(5) does not apply.  Appellants refer us to a 1985 revised comment
to the Uniform Limited Partnership Act, former TEX.REV.CIV.STAT. art. 6132a, '
4.02, written when the Uniform Act was amended by the National Conference of
Commissioners on Uniform State Laws. 
That comment indicated that the purpose of former Section 4.02(a)(5) was
to give the limited partners Athe
power to rid themselves of a general partner who is in such dire financial
straits that he is the subject of proceedings under the National Bankruptcy
Code or a similar provision of law.@  We also find it significant that current
Article 6132a-1, section 4.02(a)(5) also refers
specifically to the appointment of a trustee over the general partner or
over the general partner=s
property.

Limited partners should be able to avoid
continuing in a business relationship with a general partner who finds himself
in conditions such as those described in Article 6132a-1, section
4.02(a)(5).  They should not be required
to continue to leave their investments and the conduct of the business of the
partnership in the hands of one so situated. 
We believe that to be the purpose and intent of Section 4.02(a)(5).  We further
believe that for us to hold that suits seeking dissolution of the limited
partnership, as opposed to the dissolution of the general partner, create an Aevent of withdrawal@ would be contrary to the clear purpose
of the statute.  Otherwise, displeased
limited partners could file a lawsuit seeking dissolution of the partnership,
name the general partner as a defendant, wait for 120 days (which is not at all
an inordinate time for a lawsuit to be pending in litigation between partners),
and then recover more or less by default on contested issues involved in the
dissolution of the partnership, not the dissolution of the general partner,
simply because the suit was not over in 120 days.  According to the plain meaning of Section
4.02(a)(5), we cannot say that the legislature
intended such a result.  








Furthermore, limited partners would have no
participation in or control over complaints by third parties, such as are
enumerated in Section 4.02(a)(5), against general
partners.  Section 4.02(a)(5) fills that void by providing a way for limited partners
to protect themselves in such situations. 
Moreover, in situations not involving third parties, Section 8.02[3]
provides ample protection for limited partners by providing, among other
things, for judicial dissolution when a partner has engaged in conduct Arelating to the limited partnership
business@ that
makes carrying on the business with that partner not reasonably
practicable.  To read Section 4.02(a)(5) as appellees would have us
read it would render Section 8.02 unnecessary although Section 8.02 is designed
for this situation.

Because this lawsuit was one to dissolve the
limited partnership as opposed to a lawsuit 
against the general partner for the type of relief outlined in Article
6132a-1, section 4.02(a)(5), we hold that by the plain meaning of Article
6132a-1, section 4.02(a)(5) an Aevent
of withdrawal@ did not
occur.  In the absence of an Aevent of withdrawal@ in this case, there was no automatic
dissolution; and, as a matter of law, appellants were not entitled to have a
trustee appointed to wind up the affairs of the partnership.  Appellants= issues on appeal are sustained.

The summary judgment is reversed, the order
appointing the trustee is set aside, and this cause is remanded to the trial
court.

 

JIM R. WRIGHT

JUSTICE

 

October 21, 2004

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.











[1]Even though this appeal involves a partial summary
judgment, this court has jurisdiction of this appeal because the trial court
appointed a trustee.  See TEX.
CIV. PRAC. & REM. CODE ANN. ' 51.014(a)(1) (Vernon Supp.
2004 - 2005).





[2]The limited partnership agreement did not provide
otherwise.





[3]Texas Revised Limited Partnership Act,
TEX.REV.CIV.STAT.ANN. art. 6132a-1, ' 8.02 (Vernon Supp. 2004 - 2005).