Opinion issued January 26, 2006 



















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01–04–01277–CV
____________
 
Jim Wells County and Premont Independent School District, Appellants
 
v.
 
El Paso Production Oil and Gas Company; El Paso Production Oil and Gas
USA, L.P.; El Paso CGP Company; Coastal Oil and Gas Corporation; The
Coastal Corporation; Coastal States Trading, Inc.; Coastal States Crude
Gathering Company; Coastal Gas Marketing Company; Coastal Limited
Ventures, Inc.; and El Paso Merchant Energy Company, Appellees
 

 
 
On Appeal from the 79th District Court
Jim Wells County, Texas
Trial Court Cause No. 03–08–41749
 
Appealed to the Court of Appeals for the Fourth District of Texas
Appellate Cause No. 04–04–00725–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01278–CV
____________
 
Brooks County and Brooks County ISD, Appellants
 
v.
 
El Paso Production Oil and Gas Company; El Paso Production Oil and Gas
USA, L.P.; El Paso CGP Company; Coastal Oil and Gas Corporation; The
Coastal Corporation; Coastal States Trading, Inc.; Coastal States Crude
Gathering Company; Coastal Gas Marketing Company; Coastal Limited
Ventures, Inc.; and El Paso Merchant Energy Company, Appellees
 

 
 
On Appeal from the 79th District Court
Brooks County, Texas
Trial Court Cause No. 03–08–11950CV
 
Appealed to the Court of Appeals for the Fourth District of Texas
Appellate Cause No. 04–04–00726–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01279–CV
____________
 
Brooks County and Brooks Independent School District, Appellants
 
v.
 
Texaco E&P, Inc. and Shell Western E&P, Inc., Appellees
 

 
 
On Appeal from the 79th District Court
Brooks County, Texas
Trial Court Cause No. 03–08–11943
 
Appealed to the Court of Appeals for the Fourth District of Texas
Appellate Cause No. 04–04–00727–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01280–CV
____________
 
Duval County; San Diego Independent School District; and Freer
Independent School District, Appellants
 
v.
 
Shell Western E&P, Inc., Appellee
 

 
 
On Appeal from the 229th District Court
Duval County, Texas
Trial Court Cause No. DC–03–313
 
Appealed to the Court of Appeals for the Fourth District of Texas
Appellate Cause No. 04–04–00728–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01281–CV
____________
 
Duval County; San Diego Independent School District; and 
Freer Independent School District, Appellants
 
v.
 
Conoco, Inc.; Continental Oil Company; Brandywine Industrial Gas;
ConocoPhillips Company; Phillips Petroleum Company; El Paso Production
Oil and Gas Company; El Paso Production Oil and Gas USA, L.P.; El Paso
CGP Company; Coastal Oil and Gas Corporation; The Coastal Corporation;
Coastal States Trading, Inc.; Coastal States Crude Gathering Company;
Coastal Gas Marketing Company; Coastal Limited Ventures, Inc.; and El
Paso Merchant Energy Company, Appellees
 

 
 
On Appeal from the 229th District Court
Duval County, Texas
Trial Court Cause No. DC–03–320
 
Appealed to the Court of Appeals for the Fourth District of Texas
Appellate Cause No. 04–04–00729–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01282–CV
____________
 
Jim Hogg County and Jim Hogg Independent School District, Appellants
 
v.
 
Chevron U.S.A., Inc. a/k/a Chevron Products Company, Appellee
 

 
 
On Appeal from the 229th District Court
Jim Hogg County, Texas
Trial Court Cause No. CC–03–115
 
Appealed to the Court of Appeals for the Fourth District of Texas
Appellate Cause No. 04–04–00730–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01283–CV
____________
 
Jim Wells County and Premont Independent School District, Appellants
 
v.
 
Anadarko Petroleum Corporation and Anadarko Holding Company f/k/a
Union Pacific Minerals, Inc. and f/k/a Union Pacific Resources Group, Inc.,
Appellees
 

 
 
On Appeal from the 79th District Court
Jim Wells County, Texas
Trial Court Cause No. 03–08–41740
 
Appealed to the Court of Appeals for the Fourth District of Texas
Appellate Cause No. 04–04–00731–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01284–CV
____________
 
Webb County, Appellant
 
v.
 
Chevron U.S.A., Inc. a/k/a Chevron Products Company; Texaco E&P, Inc.;
and Four Star Oil & Gas Company, Appellees
 

 
 
On Appeal from the 49th District Court
Webb County, Texas
Trial Court Cause No. 2003-CVQ-1374-D1
 
Appealed to the Court of Appeals for the Fourth District of Texas
Appellate Cause No. 04–04–00732–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01285–CV
____________
 
Webb County, Appellant
 
v.
 
Conoco Inc.; Continental Oil Company; Brandywine Industrial Gas;
ConocoPhillips Company; Phillips Petroleum Company; El Paso Production
Oil and Gas Company; El Paso Production Oil and Gas USA, L.P.; El Paso
CGP Company; Coastal Oil and Gas Corporation; The Coastal Corporation;
Coastal States Trading, Inc.; Coastal States Crude Gathering Company;
Coastal Gas Marketing Company; Coastal Limited Ventures, Inc.; and El
Paso Merchant Energy Company, Appellees
 

 
 
On Appeal from the 111th District Court
Webb County, Texas
Trial Court Cause No. 2003CVQ001368-D2
 
Appealed to the Court of Appeals for the Fourth District of Texas
Appellate Cause No. 04–04–00733–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01286–CV
____________
 
Zapata County and Zapata Independent School District, Appellants
 
v.
 
Conoco Inc.; Continental Oil Company; Brandywine Industrial Gas;
ConocoPhillips Company; Phillips Petroleum Company; El Paso Production
Oil and Gas Company; El Paso Production Oil and Gas USA, L.P.; El Paso
CGP Company; Coastal Oil and Gas Corporation; The Coastal Corporation;
Coastal States Trading, Inc.; Coastal States Crude Gathering Company;
Coastal Gas Marketing Company; Coastal Limited Ventures, Inc.; and El
Paso Merchant Energy Company, Appellees
 

 
 
On Appeal from the 49th District Court
Zapata County, Texas
Trial Court Cause No. 5,519
 
Appealed to the Court of Appeals for the Fourth District of Texas
Appellate Cause No. 04–04–00734–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01287–CV
____________
 
Zapata County and Zapata Independent School District, Appellants
 
v.
 
Chevron U.S.A., Inc. a/k/a Chevron Products Company; Shell Western E&P,
Inc.; Anadarko Petroleum Corporation; and Anadarko Holding Company
f/k/a Union Pacific Minerals, Inc. and f/k/a Union Pacific Resources Group,
Inc., Appellees
 

 
 
On Appeal from the 49th District Court
Zapata County, Texas
Trial Court Cause No. 5,520
 
Appealed to the Court of Appeals for the Fourth District of Texas
Appellate Cause No. 04–04–00735–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01326–CV
____________
 
Hidalgo County, Texas, Appellant
 
v.
 
Texaco, Inc., a surviving subsidiary of merger between Texaco, Inc. and
Chevron Inc.; TotalFinaElf E&P USA Inc.; Kerr–McGee Oil & Gas Onshore,
L.L.C.; Shell Western E&P, Inc.; and El Paso Production Oil & Gas
Company, Appellees
 

 
 
On Appeal from the 92nd District Court
Hidalgo County, Texas
Trial Court Cause No. C–640–03–A
 
Appealed to the Court of Appeals for the Thirteenth District of Texas
Appellate Cause No. 13–04–00542–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01327–CV
____________
 
Edinburg Consolidated Independent School District, Appellant
 
v.
 
Fina Oil and Chemical Company; Atofina Petrochemicals, Inc.; Fina, Inc.;
TotalFinaElf Gas & Power North America, Inc.; Fina Natural Gas Company;
Mokeen Oil Company; Conoco, Inc.; Continental Oil Company; Brandywine
Industrial Gas, Inc.; Shell Oil Company; Shell Western E&P, Inc.; Shell Gas
Trading Company; El Paso Production Oil and Gas Company; El Paso
Production Oil and Gas USA, L.P.; El Paso CGP Company; IBC Petroleum,
Inc.; Texas Independent Exploration, Inc.; Sun Operating Limited
Partnership; Oryx Energy Company; ANR Production Company; Coastal Oil
and Gas Corporation; The Coastal Corporation; Coastal States Trading, Inc.;
Coastal States Crude Gathering Company; Coastal Gas Marketing
Company; Coastal Limited Ventures, Inc.; El Paso Merchant Energy
Company; American Exploration Company; Contract Energy, L.L.C.; EOG
Resources, Inc.; Arco Oil & Gas Co.; Cody Energy LLC; Samedan Oil
Corporation; Cabot Oil & Gas Corporation; Vastar Resources, Inc.; BP
America Production Company; Kerr–McGee Oil & Gas Onshore LLC; Mobil
Producing TX. & N. M. Inc.; Chevron U.S.A. Inc.; Texaco, Inc.; and Socony
Mobil Company, Inc., Appellees
 

 
 
On Appeal from the 275th District Court
Hidalgo County, Texas
Trial Court Cause No. C–401–03–E
 
Appealed to the Court of Appeals for the Thirteenth District of Texas
Appellate Cause No. 13–04–00543–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01328–CV
____________
 
McAllen Independent School District, Appellant
 
v.
 
Fina Oil and Chemical Company; Altofina Petrochemicals, Inc.; Fina, Inc.;
TotalFinaElf Gas & Power North America, Inc.; Fina Natural Gas Company;
TotalFinaElf E&P USA, Inc.; Total E&P USA, Inc.; Denovo Oil & Gas, Inc.;
and Virtex Petroleum Company, Inc., Appellees
 

 
 
On Appeal from the 389th District Court
Hidalgo County, Texas
Trial Court Cause No. C–2195–03–H
 
Appealed to the Court of Appeals for the Thirteenth District of Texas
Appellate Cause No. 13–04–00544–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01329–CV
____________
 
Kleberg County and Kingsville Independent School District, Appellants
 
v.
 
Atofina Petrochemicals, Inc. f/k/a Fina Oil & Chemical Co.; Total Fina Elf
Holdings USA, Inc.; Anadarko Petroleum Corporation; and Anadarko
Holding Company f/k/a Union Pacific Minerals, Inc. and f/k/a Union Pacific
Resources Group, Inc., Appellees
 

 
 
On Appeal from the 105th District Court
Kleberg County, Texas
Trial Court Cause No. 03–441–D
 
Appealed to the Court of Appeals for the Thirteenth District of Texas
Appellate Cause No. 13–04–00553–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01330–CV
____________
 
Kleberg County and Kingsville Independent School District, Appellants
 
v.
 
El Paso Production Oil and Gas Company; El Paso Production Oil and Gas
USA, L.P.; El Paso CGP Company; Coastal Oil and Gas Corporation; The
Coastal Corporation; Coastal States Trading, Inc.; Coastal States Crude
Gathering Company; Coastal Gas Marketing Company; Coastal Limited
Ventures, Inc.; and El Paso Merchant Energy Company, Appellees
 

 
 
On Appeal from the 105th District Court
Kleberg County, Texas
Trial Court Cause No. 03–446–D
 
Appealed to the Court of Appeals for the Thirteenth District of Texas
Appellate Cause No. 13–04–00554–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01331–CV
____________
 
Willacy County, Appellant
 
v.
 
El Paso Production Oil and Gas Company; El Paso Production Oil and Gas
USA, L.P.; El Paso CGP Company; Coastal Oil and Gas Corporation; The
Coastal Corporation; Coastal States Trading, Inc.; Coastal States Crude
Gathering Company; Coastal Gas Marketing Company; Coastal Limited
Ventures, Inc.; and El Paso Merchant Energy Company, Appellees
 

 
 
On Appeal from the 357th District Court
Willacy County, Texas
Trial Court Cause No. 03–264
 
Appealed to the Court of Appeals for the Thirteenth District of Texas
Appellate Cause No. 13–04–00555–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01332–CV
____________
 
 Edcouch–Elsa Independent School District; La Villa Independent School
District; Progresso Independent School District; Weslaco Independent School
District; City of La Joya; City of Edinburg; City of Mercedes; and City of
Penitas, Appellants
 
v.
 
Chevron U.S.A., Inc. a/k/a Chevron Products Company; Texaco E&P, Inc.;
Shell Western E&P, Inc.; Atofina Petrochemicals, Inc. f/k/a Fina Oil &
Chemical Co.; and Total Fina Elf Holdings USA, Inc., Appellees
 

 
 
On Appeal from the 332nd District Court
Hidalgo County, Texas
Trial Court Cause No. C–2166–03–F
 
Appealed to the Court of Appeals for the Thirteenth District of Texas
Appellate Cause No. 13–04–00556–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
and
____________
 
NO. 01–04–01333–CV
____________
 
Kenedy County, Appellant
 
v.
 
El Paso Production Oil and Gas Company; El Paso Production Oil and Gas
USA, L.P.; El Paso CGP Company; Coastal Oil and Gas Corporation; The
Coastal Corporation; Coastal States Trading, Inc.; Coastal States Crude
Gathering Company; Coastal Gas Marketing Company; Coastal Limited
Ventures, Inc.; and El Paso Merchant Energy Company, Appellees
 

 
 
On Appeal from the 105th District Court
Kenedy County, Texas
Trial Court Cause No. 03–CV–103
 
Appealed to the Court of Appeals for the Thirteenth District of Texas
Appellate Cause No. 13–04–00557–CV
and Transferred to the Court of Appeals for the First District of Texas
by the Supreme Court of Texas
Misc. Docket No. 04–9270
 

 
 
CONCURRING OPINION
          In their second amended plea to the jurisdiction, appellees, the oil companies,
sought to dismiss the lawsuits of appellants, the taxing units, on the ground that,
under the Texas Tax Code,


 the pertinent appraisal review boards have exclusive
jurisdiction over the claims of the taxing units. The oil companies argue that the trial
court did not have subject matter jurisdiction over the claims of the taxing units
because the units did not exhaust their administrative remedies with the appraisal
review boards before filing their lawsuits in various district courts. Alternatively, the
oil companies assert that there is no basis for original jurisdiction in the district courts
over the claims of the taxing units. 
          In four issues, the taxing units argue that the trial court erred in granting the
plea to the jurisdiction because the trial court had original jurisdiction over their
“common law remedy for fraud,” the units “have not failed to exhaust an
administrative remedy,” their “cause of action” is not found in the Tax Code, and the
Tax Code “is not a ‘pervasive regulatory scheme’ meant to vest exclusive jurisdiction
of all matters pertaining to property taxes” with appraisal review boards. 
Exclusive Jurisdiction
          Our analysis as to whether an entity such as an appraisal review board has
exclusive jurisdiction over certain administrative determinations must begin with a
recognition of the presumption that Texas courts are authorized to resolve disputes.
In re Entergy, 142 S.W.3d 316, 322 (Tex. 2004). A district court’s jurisdiction
“consists of exclusive, appellate, and original jurisdiction of all actions, proceedings,
and remedies, except in cases where exclusive, appellate, or original jurisdiction may
be conferred . . . on some other court, tribunal, or administrative body.” Tex. Const.
art. V, § 8. Thus, these courts of general jurisdiction will “generally have subject
matter jurisdiction over a dispute absent a showing to the contrary.” In re Entergy,
142 S.W.3d at 322; Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 75 (Tex. 2000). 
“[A] similar presumption does not exist for administrative agencies, which may
exercise only those powers the law confers upon them in clear and express statutory
language and those reasonably necessary to fulfill a function or perform a duty that
the Legislature has expressly placed with the agency.” In re Entergy Corp., 142
S.W.3d at 322. “Courts will not imply additional authority to agencies, nor may
agencies create for themselves any excess powers.” Subaru of Am., Inc. v. David
McDavid Nissan, Inc., 84 S.W.3d 212, 220 (Tex. 2002). 
          Under the exclusive jurisdiction doctrine, “the Legislature grants an
administrative agency the sole authority to make an initial determination in a
dispute.” Subaru of Am., Inc., 84 S.W.3d at 221. The Texas Supreme Court has
explained that “[a]n agency has exclusive jurisdiction ‘when a pervasive regulatory
scheme indicates that [the Legislature] intended for the regulatory process to be the
exclusive means of remedying the problem to which the regulation is addressed.’” 
Id. (quoting Andrew G. Humphrey, Comment, Antitrust Jurisdiction and Remedies
in an Electric Utility Price Squeeze, 52 U. Chi. L. Rev. 1090, 1107 n.73 (1985)). If
an agency has exclusive jurisdiction, typically, “a party must exhaust all
administrative remedies before seeking judicial review of the agency’s action.” Id.
“When exhaustion is required, courts have only limited review of the administrative
action.” Id. 
          Here, “[t]he Texas Constitution creates the obligation to appraise and assess
property for purposes of taxation,” and the Legislature codified this obligation in the
Tax Code. Atascosa County v. Atascosa County Appraisal Dist., 990 S.W.2d 255,
257 (Tex. 1999). All real property, which includes mineral interests, unless exempt,
shall be taxed “in proportion to its value, which shall be ascertained as may be
provided by law.” Tex. Const. art. VIII, § 1(b). “Taxation shall be equal and
uniform.” Id. § 1(a). Moreover, “all lands and other property not rendered for
taxation by the owner thereof shall be assessed at its fair value by the proper officer.” 
Id. § 11. The Tax Code creates appraisal districts and requires each district to
appraise property for the ad valorem taxing units within the district. Tex. Tax Code
Ann. § 6.01 (Vernon 2001). It also establishes an appraisal review board for each
district, which is charged with ensuring that property is properly appraised. Id. § 6.41
(Vernon Supp. 2005), § 41.01 (Vernon 2001).
          Appraisal review boards shall “determine protests initiated by property
owners,” “determine challenges initiated by taxing units,” and “take any other action
or make any other determination that this title specifically authorizes or requires.” 
Id. § 41.01(a)(1), (2), (6). Taxing units are entitled to bring challenges of designated
actions before the appraisal review board, including challenges to the level of
appraisals of any category of property in the district and challenges to an exclusion
of property from the appraisal records. Id. § 41.03(a) (Vernon 2001). Moreover,
Chapter 42 of the Tax Code provides for trial de novo in a district court on appeal of
orders of the appraisal review board determining, inter alia, protests of property
owners and challenges by taxing units. Id. §§ 42.01, 42.02, 42.031 (Vernon 2001). 
Chapter 43 authorizes suits by taxing units against the appraisal district to compel a
district’s compliance with Tax Code provisions, rules of the Texas Comptroller, or
other applicable law. Id. § 43.01 (Vernon 2001). Thus, as quoted in the majority
opinion, the Amarillo Court of Appeals concluded that 
Despite the absence from the Tax Code of specific language so
providing, the nature of the governmental function exercised through the
Tax Code, the constitutional mandates it implements, its comprehensive
and detailed provisions concerning appraisal of property, and its
provision of remedies combine to require the conclusion that the
Legislature intended the Code procedures to be the exclusive means
through which the taxing units may seek a remedy for the injuries
caused them by the tortious conduct alleged here. 

In re ExxonMobil Corp., 153 S.W.3d 605, 618 (Tex. App.—Amarillo 2004, orig.
proceeding). I agree with this conclusion.
          Here, specifically, the taxing units allege that the oil companies defrauded them
by manipulating reported sales prices so as to undervalue oil and gas reserves. The
Tax Code provides that if real property interest in oil and gas is appraised by a
method that takes into account future income from the sale of oil and gas to be
produced from the interest, “the method must use the average price of the oil or gas
from the interest for the preceding year as the price at which the oil or gas produced
from the interest is projected to be sold in the current year of the appraisal.” Tex.
Tax Code Ann. § 23.175 (Vernon 2001). Although the taxing units allege fraud in
their lawsuits against the oil companies, the entire basis of their fraud claims, as
asserted in their briefing to this Court, is that the oil companies “manipulated the
Texas Tax Code so as to produce significant under-valuations of their oil and gas
reserves for the purposes of ad valorem (property) taxes.” As noted above, the Tax
Code specifically provides that the taxing units are entitled to make such challenges
in front of the pertinent appraisal review boards, and the boards have the duty to
determine such challenges. Id. §§ 41.01(a), 41.03. 
          Accordingly, I would hold that the pertinent appraisal review boards in this
case had exclusive jurisdiction over the taxing units’ claims, which actually constitute
a challenge to the appraised values of the oil companies’ oil and gas reserves for the
purpose of ad valorem taxes. Based on this holding, I would overrule the second,
third, and fourth issues of the taxing units and affirm the order of the trial court
granting the oil companies’ plea to the jurisdiction. 
Original Jurisdiction
          In additional briefing to the trial court in support of their second amended plea
to the jurisdiction, the oil companies asserted that there is “no such thing as a
common law action for collecting taxes.” The taxing units, in their first issue, argue
that the trial court erred in granting the oil companies’ plea to the jurisdiction on the
grounds that “they have no common law right to sue for damages arising from fraud.” 
On appeal, certain oil companies contend that “the Legislature has not given the
district courts original jurisdiction to determine appraised values of property in
disregard of the official appraisals of the appraisal districts.” The other oil companies
argue that because no Texas court “has ever recognized a common law cause of
action for damages resulting from an underpayment of taxes,” this Court “should
affirm on grounds that the district court is without original jurisdiction.” They further
argue that “because there is no basis for original jurisdiction, the Court need not reach
the issue of exclusive jurisdiction to affirm.”
          Here, the parties’ arguments depend on how the claims of the taxing units are
characterized. The taxing units allege that they were unlawfully deprived of tax
revenue through the fraudulent actions of the oil companies. The oil companies
characterize the claims simply as an action to recover underpaid taxes. Regardless
of how the claims are characterized, as noted above, the trial court did not err in
granting the oil companies’ plea to the jurisdiction on the grounds that the pertinent
appraisal review boards in this case had exclusive jurisdiction over the claims of the
taxing units. Thus, it is not necessary for this Court to address the taxing units’ first
issue, and counsel for certain oil companies conceded this point at oral argument.
 
Conclusion
          Accordingly, I concur in the judgment of the Court.
                      
          
                                                                        Terry Jennings
                                                                        Justice
 
Panel consists of Justices Taft, Jennings, and Hanks.
Justice Jennings, concurring.