BECK & MASTEN PONTIAC–
GMC, INC., Appellant,

v.

HARRIS COUNTY APPRAISAL DIS-
TRICT and Harris County Appraisal
Review Board, Appellees.

No. B14–91–00761–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 30, 1992.

Rehearing Denied June 4, 1992.

David R. Sapp, Mitchell Madden, Todd T. Wong, Austin, for appellant.

Robert P. McConnell, Houston, for appellees.

Before PAUL PRESSLER, CANNON and DRAUGHN, JJ.

## OPINION

CANNON, Justice.

This is an ad valorem tax case. Appellant brought suit challenging the statutory authority of appellees to re-assess appellant's business personal property for the year 1988. TEX.TAX CODE ANN. § 42.21 (Vernon Supp.1992). Both parties moved for summary judgment. The trial court granted appellees' motion for summary judgment and denied appellant's motion. On appeal, appellant raises four points of error. We affirm.

Appellant owns and operates a car dealership located in Harris County, Texas. The present dispute centers around the ad valorem taxes assessed on appellant's business personal property for the 1988 tax year. For ad valorem tax purposes, property is appraised for a given year as of January 1 of that year. See TEX.TAX CODE ANN. § 23.01 (Vernon 1982). Thus, to appraise appellant's business personal property, appellant's 1987 corporate income tax return showing the end-of-year inventory was used to establish the beginning-of-year inventory for 1988. In February 1987, appellant retained Charles Cook to handle its tax matters. The Appraisal District appraised appellant's personal property at $2,170,760.00 as of January 1, 1988. That amount included the appraisal of appellant's inventory at $2,034,000.00. On October 3, 1988, Cook met with an appraiser from the Appraisal District regarding ap-

pellant's protest of the District's appraisal for 1988. Cook signed an "informal hearing affirmation" and tendered what he represented to be a true and correct copy of appellant's 1987 tax return which showed an end-of-year inventory value of $1,427,-116.00. Based upon the information supplied by Cook, the Appraisal District agreed to reduce its appraisal of appellant's personal property from $2,170,760.00 to $1,545,600.00. This reduction was subsequently approved by the Review Board.

On April 28, 1989, Cook filed appellant's 1989 personal property rendition with the Appraisal District. The rendition showed an inventory value of $801,641.88 and a total business personal property value of $829,728.87 as of January 1, 1989. The Appraisal District rejected appellant's rendition and appraised appellant's personal property at $2,170,760.00. On September 6, 1989, Cook appeared at the Appraisal District offices for an informal hearing on appellant's protest of the District's appraisal for 1989. At that time, Cook executed another "informal hearing affirmation" and tendered what he represented to be a true and correct copy of appellant's 1988 tax return. On September 26, 1989, Cook returned to the Appraisal District offices to meet with appraiser, Jenna Kerwood, and continue the 1989 hearing. Cook was accompanied by a man identified as Garry Wilburn, who was represented by Cook to be appellant's accounting general manager. In fact, Wilburn was an imposter. It was at this meeting that Kerwood discovered that there were two different end-of-year inventory values listed in the 1988 tax return submitted by Cook. After failing to receive an adequate explanation for the discrepancy from Cook and Wilburn, Kerwood recessed the hearing so that she could consult with the Appraisal District accountants.

On October 17, 1989, Kerwood again met with Cook and Wilburn to continue the 1989 protest hearing. At this meeting, Kerwood requested further documentation, including a 1988 tax return directly from

the IRS. The meeting was recessed to await production of these documents. At this time, the Deputy Chief Appraiser for the Appraisal District, James W. Robinson, began reviewing several accounts represented by Cook, including appellant's account. Robinson discovered there were two different beginning-of-year inventory values listed in appellant's 1988 tax return and that pages of the return had different typefaces. Robinson compared the beginning-of-year inventory value in appellant's 1988 tax return with the end-of-year inventory value in appellant's 1987 tax return. The 1987 tax return showed an end-of-year inventory value of $1,427,116.00, but the 1988 tax return showed a beginning-of-year inventory value of $801,642.00. Robinson also discovered that pages of the 1987 tax return contained inconsistent typefaces. On November 13, 1989, Cook appeared at a hearing on an unrelated account and Robinson confronted Cook about the discrepancies in appellant's 1987 and 1988 tax returns. Cook denied any wrongdoing but was unable to explain the discrepancies. The matter was referred to the Harris County District Attorney's office for investigation of possible criminal violations. Cook was subsequently indicted and convicted for tampering with a government document. TEX.PENAL CODE ANN. § 37.10 (Vernon 1974).[1] Robinson eventually obtained true copies of appellant's 1987 and 1988 tax returns. The 1987 return disclosed an end-of-year inventory value of $5,378,406.00, or $3,951,290.00 more than the end-of-year inventory value of $1,427,116.00 listed in the 1987 tax return fraudulently submitted by Cook. Based on this information, the Appraisal District re-assessed appellant's inventory to account for the difference in inventory values created by Cook's fraud. Appellant was informed of Cook's conduct before it filed the instant suit.

■ Initially, we address appellant's supplemental point of error that there was insufficient proof to support the court's judgment because the summary judgment

---

1. Cook's conviction has since been reversed because of deficiencies in the indictment. *Cook v.*   *State,* 824 S.W.2d 334 (Tex.App.—Houston [1st Dist.], 1992).

evidence offered by appellees was not attached to their motion. Appellant appears to argue that, because the initial transcript in the record does not include the summary judgment evidence, that evidence must not have been attached to appellees' motion for summary judgment nor presented to the trial court. This argument is without merit. The record contains a supplemental transcript which includes the summary judgment evidence. In fact, the index to the supplemental transcript states that the exhibits contained therein were attached to appellees' motion for summary judgment. In addition, appellee's motion specifically referenced and incorporated ten exhibits. It also contained an index to those exhibits. Furthermore, the final judgment recites that the court considered "the summary judgment evidence presented by defendants." Plainly, the appellees' presented their summary judgment evidence to the trial court. We overrule appellant's supplemental point of error.

■ In it first and second points of error, appellant contends that the trial court erred in granting appellees' motion for summary judgment and denying appellant's motion because appellees did not have the authority, statutory or otherwise, to re-assess appellant's business personal property.

■ A movant for summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). In reviewing the summary judgment proof, evidence favorable to the non-movant is taken as true, with the court indulging all inferences and resolving all doubts in the non-movant's favor. *Id.* When both parties move for summary judgment and one motion is granted and the other denied, an appellate court should determine all questions presented to the

trial court, including whether the losing party's motion should have been overruled. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex. 1988). Each party must carry its burden to conclusively prove the essential elements of its cause of action or defense as a matter of law and neither can prevail because of the failure of the other to discharge that burden. *See Federal Deposit Ins. Corp. v. Attayi*, 745 S.W.2d 939, 946 (Tex.App.— Houston [1st Dist.] 1988, no writ); *The Atrium v. Kenwin Shops of Crockett, Inc.*, 666 S.W.2d 315, 318 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

Section 22.01 of the Property Tax Code provides that "... a person shall render for taxation all tangible personal property used for the production of income that he owns ... on January 1." TEX.TAX CODE ANN. § 22.01(a) (Vernon 1982). Section 25.21(a) provides that "if the chief appraiser discovers that ... personal property was not taxed in one of two preceding years, he shall appraise the property as of January 1 of each year that it *escaped taxation* and enter the property and its appraised value in the appraisal records." TEX.TAX CODE ANN. § 25.21 (Vernon 1982) *(emphasis added)*.[2]

■ Appellant asserts that it rendered *all* of its business personal property as required by section 22.01 and taxes were duly assessed and paid. Thus, appellant contends that appellees had no authority more than a year later to back-assess appellant for an item of personal property previously assessed. Appellant points out that none of its property escaped taxation but that it was merely undervalued. Appellees assert that appellant did not render all of its personal property under section 22.01 because certain inventory escaped taxation as result of Cook's fraud. We need not decide this issue because we hold that the assessment in this case was authorized by section 25.21. *See Friedrich Air*

---

**2.** Section 25.21 was amended to allow the chief appraiser to reassess personal property that was *omitted from an appraisal roll* in one of the two preceding years. Act of Sept. 1, 1991, 72nd Leg., R.S., ch. 836 § 1.2 2890 Tex.Gen.Laws 2891 (current version at TEX.TAX CODE ANN.

§ 25.21 (Vernon Supp,.1992) *(emphasis added)*. The instant suit was filed before the September 1, 1991 effective date of the amendment and, thus, the amendment does not apply. *See Id.* at § 1.5.

Conditioning and Refrigeration Co. v. Bexar Appraisal Dist., 762 S.W.2d 763, 766–67 (Tex.App.—San Antonio 1988, no writ) (holding that "rendition" is no longer material under section 25.21 and no bar to Appraisal District's subsequent correction of erroneous appraisal). As a result of the fraud perpetrated by appellant's agent, the initial assessment by appellees was void *ab initio.* *See Yamini v. Gentle,* 488 S.W.2d 839, 842 (Tex.App.—Dallas 1972, writ ref'd n.r.e.). Thus, all of appellant's business personal property escaped taxation for purposes of section 25.21.[3] We overrule appellant's first and second points of error.

In its third point of error, appellant contends that the summary judgment in favor of appellees was improper because there are genuine issues of material fact. First, appellant contends that there is a fact issue as to whether it properly filed a notice of protest. Appellant points out that there is not a 1988 notice of protest in the record. Appellees concede, however, that all proper administrative procedures were followed. Moreover, the burden is on appellant to bring forth a complete record. *Christiansen v. Prezelski,* 782 S.W.2d 842, 843 (Tex.1990); TEX.R.APP.P. 50(d). In the absence of a complete record, we must presume that the evidence before the trial court supported its judgment. *See Simon v. York Crane & Rigging Co., Inc.,* 739 S.W.2d 793, 795 (Tex.1987). Second, appellant contends that there is a fact issue as to whether appellant's business personal property was rendered for taxation. As previously discussed, rendition of appellant's business personal property for taxation is not material to an assessment under section 25.21. Third, appellant contends that there is a fact issue regarding the reliance and causation elements of fraud. *See De-*

*Santis v. Wackenhut Corp.,* 793 S.W.2d 670, 688 (Tex.1990), *cert. denied,* — U.S. —, 111 S.Ct. 755, 112 L.Ed.2d 775 (1991) (elements of fraud are material misrepresentation, which was false, was either known to be false when made or was asserted without knowledge of truth, was intended to be acted upon, was relied upon, and caused injury).

We observe that, while fraud goes to the issue of whether the assessment was void, appellees' remedy in the instant case is authorized by the Property Tax Code, not by a common law cause of action for fraud. In other words, proof of fraud was only necessary to bring appellees within the ambit of the Code. It is undisputed that Cook made false, material misrepresentations about the value of appellant's inventory for the 1988 tax year. The uncontroverted summary judgment evidence establishes that appellees relied on that misrepresentation to their detriment. The difference between the Appraisal District's proposed appraisal of appellant's inventory and the value of the end-of-year inventory as listed in the false 1987 tax return submitted by Cook was approximately $606,884.00. After appellant protested, appellees reduced the appraised value of appellant's business personal property, as reflected in the "confirmation of reduced value," by approximately $625,160.00.

Appellant argues that there is a fact question as to whether appellees' reassessment should be $625,160.00 instead of $3,951,290.00 i.e., the difference between the actual value of appellant's end-of-year inventory and the end-of-year inventory value submitted by Cook. With fraud established, the assessment became void and, thus, all of appellees' business personal property escaped taxation. Appellees were

---

3. Appellant points to the legislative history of the 1991 amendment to section 25.21 as support for its argument that the legislature specifically intended to exclude a statutory remedy for the Appraisal District based on taxpayer fraud. Tex.S.B. 772, 72nd Leg., R.S. (1991) (See Conference Committee Report on S.B. 772). While the Property Tax Code may not expressly provide a remedy for taxpayer fraud, it also does not expressly exclude such a remedy. If we were to adhere to appellant's logic, taxpayers through-

out Harris County, knowing that the Appraisal District was powerless to correct any fraud, would have incentive to cheat on their taxes. Of course, those taxpayers would be subject to criminal liability unless, as here, they claimed they were unaware of the fraud. In any event, section 25.21 provides a remedy for an erroneous appraisal based on property that escaped taxation because of a void assessment arising from taxpayer fraud.

entitled under the Code to collect taxes for all of that property, less monies paid by appellant, unwitting of the fraud. Finally, it is immaterial whether appellant ratified Cook's fraud by filing the instant suit, since it is only the fraud itself that allowed appellant's property to escape taxation. We overrule appellant's third point of error.

We need not address appellant's fourth point of error because, as previously noted, appellees' concede that appellant properly exhausted its administrative remedies and that the trial court appropriately had jurisdiction. We hold that the trial court correctly granted summary judgment for appellees and properly denied summary judgment for appellant. Accordingly, we affirm the judgment of the trial court.