Joseph O'Brien CONTI, Appellant,

v.

Mara Jill CONTI, Appellee.

No. A14–92–01303–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 28, 1993.

Rehearing Denied Dec. 16, 1993.

Stephen J. Schechter, Houston, for appellant.

Patrick Reilly, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

LEE, Justice.

This is an appeal from the trial court's order denying appellant's Motion to Dismiss and granting appellee's Motion for Enforcement and Clarification. We affirm.

The parties were divorced on May 11, 1988. The final decree awarded to appellee, as her separate property, one-half of the cash surrender value as of May 11, 1988, of two optional retirement plans in appellant's name. On February 10, 1992, appellee filed a Motion for Enforcement and Clarification. In her motion, appellee requested that the court render a "clarifying" order so that the portion of the divorce decree awarding her the retirement benefits would include appellee's last known address and appellant's mailing address and thus, comport with the laws applicable to Qualified Domestic Relations Orders (QDRO). Appellee also requested that the court award her one-half interest in the retirement benefits "plus all earnings thereon from May 11, 1989, until the date of

the Clarifying order," as well as reasonable attorney's fees and court costs. Appellee further requested the court "to specify the duties imposed" upon appellant and to designate "a reasonable time" within which his "compliance" was required. On April 3, 1992, appellant filed an answer alleging that appellee's motion was barred by the limitations provisions of TEX.FAM.CODE ANN. § 3.70(c).

On June 12, 1992, appellant filed a Motion to Dismiss pursuant to section 3.70(c). On June 18, 1992, after an evidentiary hearing, the trial court denied appellant's motion and granted appellee's motion. On August 13, 1992, the trial court signed an order that among other things: (1) ordered a transfer of funds totaling $9,679.19 from appellant's retirement account into an account in appellee's name; (2) ordered appellant to execute "any and all documents required by the plan administrator to effect the transfer of funds;" and (3) assessed attorney's fees and court costs against appellant.[1] Appellant subsequently filed a motion for new trial which was overruled by operation of law.

■ In his sole point of error, appellant contends the trial court erred in denying his Motion to Dismiss because appellee's Motion for Enforcement and Clarification was filed more than two years after the divorce decree was signed and therefore, barred by TEX. FAM.CODE ANN. § 3.70(c).

■ Initially, we note that appellant did not timely file a statement of facts nor did he file findings of fact and conclusions of law. The burden is on appellant to bring forth a complete record. TEX.R.APP.P. 50(d); *Beck & Masten Pontiac–GMC v. Harris County Appraisal Dist.*, 830 S.W.2d 291, 295 (Tex. App.—Houston [14th Dist.] 1992, writ denied). In the absence of a complete record, we must presume that the evidence before the trial court supported the judgment. *Id.* However, even in the absence of a statement

of facts, we can consider questions of law. *Caramanian v. Houston Indep. School Dist.*, 829 S.W.2d 814, 816 (Tex.App.—Houston [14th Dist.] 1992, no writ). Here, the issues raised by the parties present only questions of law.

The optional retirement plans at issue are public retirement systems of the State of Texas. *See* TEX.GOV'T CODE ANN. §§ 804.- 001(2), 830.001 et seq. (Vernon Pamph.1993). Chapter 804, Subchapter A of the Government Code provides that retirement benefits payable to a member or retiree of a public retirement system are divisible upon divorce pursuant to a QDRO. Subsections (d) and (h) of section 804.003 provide that the applicable carrier of an optional retirement program "shall determine" whether a domestic relations order is a QDRO. Those subsections also provide that if there is a dispute about whether a domestic relations order is a QDRO that cannot be resolved by resorting to certain statutory guidelines, or if a domestic relations order is determined not to be a QDRO according to those statutory guidelines, "the court which issued the order which would otherwise have jurisdiction over the matter, has jurisdiction to resolve the dispute or amend the order so that it will be qualified **even though all other matters incident to the action or proceeding have been fully and finally adjudicated.**" *See* TEX.GOV'T CODE ANN. § 804.003(d), (h). [emphasis added].

■ These provisions, when read together, allow the trial court, upon its own motion or upon a party's petition to amend, to correct at any time the technical deficiencies in a divorce decree so that it qualifies as a QDRO. As we described, appellee moved to amend the decree so that it met the requirements of a QDRO and sought certain injunctive and monetary relief. Because the trial court possessed the authority to amend the

---

1. Although the order granting her Motion for Enforcement and Clarification does not specify the nature of the $9,679.19, appellee stated in her brief no less than six times that what she was seeking in her motion and what the trial court awarded her was "earnings" or interest on her one-half interest in the retirement funds from the date of the divorce decree to the date of the

clarifying order. While the propriety of appellee's claim for interest is questionable, appellant waived the right to complain about such a claim or **any other relief** sought by appellee because he did not raise a point of error with respect to that issue. *See San Jacinto River Authority v. Duke,* 783 S.W.2d 209, 210 (Tex.1990).

divorce decree at any time pursuant to section 804.003 of the Government Code and because appellant does not complain about any of the other relief granted by the trial court, we find that the court's actions in this case were proper. Hence, it is unnecessary for us to consider whether section 3.70(c) of the Family Code barred appellee's motion. Accordingly, we overrule appellant's sole point of error and affirm the trial court's order.