**Opinion filed August 19, 2021**



## In The

# Eleventh Court of Appeals

_____

### No. 11-20-00009-CV

_____

**KINDER MORGAN SACROC, LP; KINDER MORGAN CO2 CO., LP; KINDER MORGAN PRODUCTION CO., LP; AND KINDER MORGAN PRODUCTION CO., LLC, Appellants**

**V.**

**SCURRY COUNTY; SNYDER INDEPENDENT SCHOOL DISTRICT; SCURRY COUNTY JUNIOR COLLEGE DISTRICT D/B/A WESTERN TEXAS COLLEGE; AND SCURRY COUNTY HOSPITAL DISTRICT D/B/A COGDELL MEMORIAL HOSPITAL, Appellees**

**On Appeal from the 132nd District Court**
**Scurry County, Texas**
**Trial Court Cause No. 26719**

### MEMORANDUM OPINION

Appellants, Kinder Morgan SACROC, LP; Kinder Morgan CO2 Co., LP; Kinder Morgan Production Co., LP; and Kinder Morgan Production Co., LLC

(KMPC) (collectively Kinder Morgan) own mineral interests in Scurry County that are subject to ad valorem taxes. Appellees, Scurry County, Snyder Independent School District, Scurry County Junior College District d/b/a Western Texas College, and Scurry County Hospital District d/b/a Cogdell Memorial Hospital (collectively the Taxing Units[1]) each filed a challenge with the Scurry County Appraisal Review Board (the ARB) based on the exclusion of Kinder Morgan's mineral interests from the appraisal records for the 2019 tax year. After the ARB denied the challenges, the Taxing Units filed a petition for review and for writ of mandamus in the trial court.

Kinder Morgan later filed a motion to dismiss the Taxing Units' claims pursuant to the Texas Citizens Participation Act (the TCPA), TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011 (West 2020 & Supp. 2020). Asserting that their claims were exempt from the TCPA, the Taxing Units filed a motion to strike on the grounds that the motion to dismiss was frivolous and filed in bad faith. The trial court granted the motion to strike, in part, and as a result, denied Kinder Morgan's motion to dismiss.

In a single issue, Kinder Morgan asserts that the trial court erred when it denied the motion to dismiss and when it determined that the Taxing Units' claims are exempt from the application of the TCPA.[2] We reverse the trial court's order and remand this cause for further proceedings.

---

[1]A "taxing unit" is "a county, an incorporated city or town (including a home-rule city), a school district, a special district or authority (including a junior college district, a hospital district, a district created by or pursuant to the Water Code, a mosquito control district, a fire prevention district, or a noxious weed control district), or any other political unit of this state, whether created by or pursuant to the constitution or a local, special, or general law, that is authorized to impose and is imposing ad valorem taxes on property even if the governing body of another political unit determines the tax rate for the unit or otherwise governs its affairs." TEX. TAX CODE ANN. § 1.04(12) (West Supp. 2020).

[2]In its appellate brief, Kinder Morgan also requested that this court dismiss the cause for lack of subject-matter jurisdiction because the Taxing Units did not timely perfect their appeals from the ARB's administrative decisions. Kinder Morgan subsequently withdrew that issue.

## I. *Background*

After the Scurry County Appraisal District appraised Kinder Morgan's mineral interests in Scurry County for the 2019 tax year, the Taxing Units challenged before the ARB the exclusion from the appraisal records of "Category G property: Oil and Gas, Minerals, and other subsurface interests of all Kinder Morgan entities in Scurry County." The Taxing Units specifically asserted that mineral interests owned by Kinder Morgan were "erroneously and incorrectly excluded and omitted (in toto and ab initio) from appraisal, including due to taxpayer misrepresentation and fraud." The Taxing Units sought "all relief available for the exclusions/omissions including the 'fixing' of the values and back-appraisal." The ARB denied the challenges and, on September 12, 2019, the Taxing Units filed a petition for review and writ of mandamus in the trial court.

In their petition, the Taxing Units cited to Chapters 25 and 41 of the Texas Tax Code and to cases that hold that these statutory remedies are available when property is omitted from the appraisal records due to taxpayer fraud. The Taxing Units alleged that Kinder Morgan's mineral interests in Scurry County were "erroneously and incorrectly excluded and omitted from appraisal for the year 2019, including due to taxpayer misrepresentations and fraud" and requested that the trial court either determine the accurate value of Kinder Morgan's mineral interests or order that the Appraisal District and Chief Appraiser reappraise Kinder Morgan's mineral interests.

Kinder Morgan filed a motion to dismiss pursuant to the TCPA. Kinder Morgan asserted that the Taxing Units' claims were based on or in response to Kinder Morgan's exercise of the right of free speech or right to petition, that no exemption to the TCPA applied to the claims, and that the Taxing Units could not establish by clear and specific evidence a prima facie case for each essential element of the claims.

The Taxing Units responded with a motion to strike the motion to dismiss and asserted that, effective September 1, 2019, the Texas Legislature exempted "a legal action based on a common law fraud claim" from the scope of the TCPA, *see* CIV. PRAC. & REM. § 27.010(12), and that because Kinder Morgan was aware of the exemption, the motion to dismiss was frivolous and filed in bad faith. Alternatively, the Taxing Units asserted that they were entitled to limited discovery and adequate time to respond to the motion to dismiss. The Taxing Units subsequently filed a supplement to the motion to strike in which they argued that the TCPA does not apply to efforts to defraud and evade the payment of taxes, that Kinder Morgan's communications with the Appraisal District were not "voluntary" because the communications were made in an effort to evade compliance with a valid request for a subpoena by the Appraisal District, and that Kinder Morgan waived its rights under the TCPA because Kinder Morgan appealed to the trial court the ARB's determination of Kinder Morgan's protest of the 2019 appraisal value of its mineral interests.

The trial court set the Taxing Units' motion to strike, but not Kinder Morgan's motion to dismiss, for hearing. At the hearing on the motion to strike, the Taxing Units argued (1) that their claims were based on a common law fraud claim and thus were exempt from the application of the TCPA under Section 27.010(12) and (2) that if the exemption did not apply, they were entitled to limited discovery. Kinder Morgan responded that the exemption relied on by the Taxing Units applied only to common law fraud claims and that the Taxing Units had instead asserted a statutory claim. The trial court's questions during the hearing focused on (1) whether, based on the date that the Taxing Units filed their petition, the Section 27.010(12) statutory exemption was applicable and (2) whether any provision in the Tax Code stated that the Taxing Units' asserted claims were, in fact, common law fraud claims. The trial court orally pronounced that, "[t]his exemption and the filing of this suit after

4

September 1 means this suit is in my opinion, my ruling, is exempt from the TCPA application." In its written order, the trial court ruled that the Taxing Units' "Motion to Strike Kinder Morgan's TCPA Motion to Dismiss is GRANTED IN PART, and as a result, Kinder Morgan's TCPA Motion to Dismiss is DENIED."

## II. *The TCPA*

The TCPA protects citizens from retaliatory lawsuits meant to intimidate or silence them on matters of public concern. *Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 376 (Tex. 2019); *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding). The Legislature enacted the TCPA "to safeguard 'the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law'" and, at the same time, protect the rights of a person "to file meritorious lawsuits for demonstrable injury." *Kinder Morgan SACROC, LP v. Scurry Cty.*, 622 S.W.3d 835, 847 (Tex. 2021) (quoting CIV. PRAC. & REM. § 27.002).

The TCPA employs a three-step process to determine whether a claim is subject to dismissal. *Montelongo v. Abrea*, 622 S.W.3d 290, 296 (Tex. 2021). First, the party invoking the TCPA must demonstrate that the "legal action" (1) is based on or in response to the party's exercise of the right of free speech, right to petition, or right of association or (2) arises from conduct that is described by Section 27.010(b) of the TCPA. CIV. PRAC. & REM. §§ 27.003(a), .005(b), .010(b); *see also Montelongo*, 622 S.W.3d at 296. If the movant makes this showing, the burden shifts to the nonmovant to establish by clear and specific evidence a prima facie case for each essential element of the claim in question. CIV. PRAC. & REM. § 27.005(c); *Montelongo*, 622 S.W.3d at 296. Finally, even if the nonmovant meets its burden, the movant is still entitled to dismissal if it "establishes an affirmative defense or other grounds on which [it] is entitled to judgment as a matter of law." CIV. PRAC. & REM. § 27.005(d); *Montelongo*, 622 S.W.3d at 296. A nonmovant,

however, can avoid the TCPA burden-shifting requirements by showing that any of the statutory exemptions applies. *Gaskamp v. WSP USA, Inc.*, 596 S.W.3d 457, 470 (Tex. App.—Houston [1st Dist.] 2020, pet. dism'd) (en banc); *Hieber v. Percheron Holdings, LLC*, 591 S.W.3d 208, 210–11 (Tex. App.—Houston [14th Dist.] 2019, pet. denied). We review de novo the question of whether the parties satisfied their respective burdens under the TCPA. *Hall*, 579 S.W.3d at 377.

Based on our review of the record, it is clear that the trial court ruled only that the Taxing Units established that the exemption in Section 27.010(12) of the TCPA applied to their claims. Accordingly, whether either party met their burden on any other step of the TCPA analysis is not before us in this appeal.

## III. *Analysis*

In its sole issue, Kinder Morgan asserts that the trial court erred when it granted the Taxing Units' motion to strike, and consequently denied Kinder Morgan's motion to dismiss, on the ground that the Taxing Units' claims are exempt from the scope of the TCPA as a "legal action" based on a common law fraud theory. *See* CIV. PRAC. & REM. § 27.010(12). Kinder Morgan specifically argues that the Taxing Units have brought a statutory claim, not a common law fraud claim. Although the Taxing Units concede that their only viable legal remedies are under the Tax Code, they contend (1) that the relevant provisions of the Tax Code do not reference or require proof of fraud; (2) that their pleadings cited to taxpayer fraud cases and stated that their legal action was based on common law fraud; and (3) that without a claim that Kinder Morgan committed common law fraud, they are not entitled to the statutory remedies.

Whether one of the exemptions in the TCPA applies is a question of statutory construction that we review de novo. *Willacy Cty. Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d 29, 37–38 (Tex. 2018); *Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 687–88 (Tex. 2018) (per curiam). When we construe

6

a statute, our primary objective is to give effect to the legislature's intent. *State ex rel. Best v. Harper*, 562 S.W.3d 1, 11 (Tex. 2018). The best guide to that determination is usually the plain language of the statute. *Silguero v. CSL Plasma, Inc.*, 579 S.W.3d 53, 59 (Tex. 2019).

In our analysis, we construe the statute's words according to their plain and common meaning, unless a contrary intention is supplied by a statutory definition, is apparent from the context, or would lead to an absurd or nonsensical result. *Bush v. Lone Oak Club, LLC*, 601 S.W.3d 639, 647 (Tex. 2020); *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 133 (Tex. 2019). We do not "choose between competing policies addressed by legislative drafting." *Creative Oil & Gas*, 591 S.W.3d at 133 (quoting *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 614 (Tex. 2006) (orig. proceeding)). Rather, we enforce the statute "as written" and "refrain from rewriting text that lawmakers chose." *Id.* (quoting *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 422, 443 (Tex. 2009)). "This 'text-based approach to statutory construction requires us to study the language of the specific provision at issue, within the context of the statute as a whole, endeavoring to give effect to every word, clause, and sentence.'" *Id.* (quoting *Ritchie v. Rupe*, 443 S.W.3d 856, 867 (Tex. 2014)).

The TCPA does not apply to "a legal action based on a common law fraud claim." CIV. PRAC. & REM. § 27.010(12). In this case, Kinder Morgan does not dispute that the Taxing Units' petition is a "legal action" as defined by the TCPA. *See id.* § 27.001(6). Further, the Taxing Units concede that they have not asserted an independent cause of action for common law fraud against Kinder Morgan and that their only viable legal remedies are set out in the Tax Code. Accordingly, the only issue before us in this appeal is whether the Taxing Units' statutory claim is "based on" a common law fraud "claim."

7

Because the TCPA does not define the terms "based on" or "claim," we use the common, ordinary meaning of those terms. *See Bush*, 601 S.W.3d at 647; *Creative Oil & Gas,* 591 S.W.3d at 133. To determine the common, ordinary meaning of a statutory term, we generally turn first to the term's dictionary definition. *Tex. State Bd. of Exam'rs of Marriage & Family Therapists v. Tex. Med. Ass'n*, 511 S.W.3d 28, 35 (Tex. 2017).

The term "based" means to have "a specified type of base or basis." *Based*, MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/dictionary/based (last visited on Aug. 12, 2021). The term "claim" means "[t]he assertion of an existing right" or "[a] demand for money, property, or a legal remedy to which one asserts a right." *Claim*, BLACK'S LAW DICTIONARY (10th ed. 2014); *see also In re Depinho*, 505 S.W.3d 621, 624 (Tex. 2016) (orig. proceeding) (per curiam). Therefore, applying the common meaning of these statutory terms, the Taxing Units' legal action would be exempt from the application of the TCPA pursuant to Section 27.010(12) only if the specified basis of the right or legal remedy asserted or demanded by the Taxing Units is common law fraud.

In their petition, the Taxing Units alleged that mineral interests owned by Kinder Morgan had been omitted or excluded from appraisal, at least in part due to taxpayer fraud, and they demanded or asserted the right or legal remedy to have either the trial court or the Appraisal District determine the correct value of Kinder Morgan's mineral interests in Scurry County. As the specified basis for their claims, the Taxing Units cited to Chapters 25 and 41 of the Tax Code and to cases that have interpreted those statutory provisions. *See Willacy Cty. Appraisal Dist.*, 555 S.W.3d at 50 (noting that the Tax Code provides a remedy for an erroneous appraisal based on property that was omitted from taxation because of a void assessment due to taxpayer fraud); *In re ExxonMobil Corp.*, 153 S.W.3d 605, 617–18 (Tex. App.—Amarillo 2004, orig. proceeding) (holding that taxing units were required to use the

provisions and remedies of the Tax Code, rather than a common law fraud claim, to pursue allegations that property was omitted from the appraisal roll due to taxpayer fraud); *Beck & Masten Pontiac-GMC, Inc. v. Harris Cty. Appraisal Dist.*, 830 S.W.2d 291, 295 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (holding that, where the initial appraisal of property was void due to fraud by the taxpayer, the appraisal district's remedy was pursuant to the Tax Code, not through a common law cause of action). Therefore, the Taxing Units are required to prove fraud by Kinder Morgan only to bring the Taxing Units "within the ambit of" the Tax Code. *See Beck & Masten*, 830 S.W.2d at 295.

As we have said, the Taxing Units concede that they do not have an independent cause of action for common law fraud against Kinder Morgan and that their only viable remedies are under Sections 25.21 and 43.01 of the Tax Code. Section 25.21 provides that, "[i]f the chief appraiser discovers that real property was omitted from an appraisal in any one of the five preceding years . . ., he shall appraise the property as of January 1 of each year that it was omitted and enter the property and its appraised value in the appraisal records."[3] TAX § 25.21(a). Pursuant to Section 41.03 of the Tax Code, as to the 2019 appraisal records, the Taxing Units had the right to bring a challenge before the ARB to certain actions, including (1) the exclusion of property from the appraisal records, TAX § 41.03(a)(1), and (2) the level of appraisals of any category of property, Act of Aug. 10, 1981, 67th Leg., 1st C.S., ch. 13, § 134, sec. 41.03, 1981 Tex. Gen. Laws 117, 169–70 (amended 2019) (current version of TAX § 41.03(a)).[4] The Taxing Units, therefore, had the right to

---

[3]Effective September 1, 2021, the legislature reduced the time period for which the chief appraiser could add property that was omitted from the appraisal roll from the preceding five years to the preceding three years. *See* Act of May 25, 2021, 87th Leg., R.S., ch. 453 (H.B. 1090) (to be codified at TAX § 25.21(a)).

[4]Effective January 1, 2020, the legislature repealed the Taxing Units' right to challenge the level of appraisals of any category of property. *See* Act of May 25, 2019, 86th Leg., R.S., ch. 944, §§ 60, 109 (S.B. 2) (codified at TAX § 41.03(a)).

challenge before the ARB a refusal to reappraise property omitted or excluded from the appraisal records. *See Atascosa Cty. v. Atascosa Cty. Appraisal Dist.*, 990 S.W.2d 255, 260 (Tex. 1999). Moreover, the Taxing Units had the right to appeal the ARB's determination of the challenges to the trial court. TAX §§ 42.031(a), 42.21(a) (West 2015).

The Taxing Units availed themselves of their rights under the Tax Code when they challenged before the ARB the exclusion or omission of Kinder Morgan's mineral interests from the appraisal records due, at least in part, to taxpayer fraud and by subsequently appealing the ARB's denial of those challenges to the trial court. In their petition filed in the trial court, the Taxing Units pursued the only legal remedy available to them—a suit under the Tax Code for a determination that Kinder Morgan's mineral interests had been excluded or omitted from the appraisal records and to have Kinder Morgan's mineral interests reappraised. *See Jim Wells Cty. v. El Paso Prod. Oil & Gas Co.*, 189 S.W.3d 861, 871 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) ("The Taxing Units cannot avoid the procedures and remedies in the Tax Code by characterizing a statutory tax case as a common law fraud case."); *In re ExxonMobil*, 153 S.W.3d at 618 (holding that the legislature intended the procedures in the Tax Code to be the exclusive means through which a taxing unit could seek a remedy for the injuries caused them by the tortious conduct of a taxpayer seeking to undervalue property for ad valorem tax purposes); *Beck & Masten*, 830 S.W.2d at 295 ("[W]hile fraud goes to the issue of whether the assessment was void, appellees' remedy" was authorized by the Tax Code, "not by a common law cause of action for fraud."). Here, the Taxing Units may be required to prove taxpayer fraud in order to prevail on their statutory claims. *See Kinder Morgan SACROC*, 622 S.W.3d at 848 (noting that, "[t]axable property that is considered omitted *ab initio* from the taxing rolls due to taxpayer fraud" is a "theory that could support the reappraisal request" under Section 25.21); *Willacy Cty.*

*Appraisal Dist.*, 555 S.W.3d at 50.  However, the specified basis of the existing right or legal remedy as demanded or asserted by the Taxing Units is the Tax Code's statutory scheme, not common law fraud.  *See Common Law*, BLACK'S LAW DICTIONARY (10th ed. 2014) (The "common law" is "[t]he body of law derived from judicial decisions, rather than from statutes or constitutions.").

The legislature exempted from the scope of the TCPA "legal actions" that are based on a common law fraud claim, not legal actions based on a statutory right that, as a factual predicate to a statutory remedy, require a showing of fraudulent conduct. *See* CIV. PRAC. & REM. 27.010(12).  Because the Taxing Units' "legal action" is not "based on a common law fraud claim," the trial court erred when it granted the Taxing Units' motion to strike and, as a result, denied Kinder Morgan's TCPA motion to dismiss.  Accordingly, we sustain Kinder Morgan's sole issue on appeal.

## IV.  *This Court's Ruling*

We reverse the trial court's order in which it granted the Taxing Units' motion to strike and denied Kinder Morgan's TCPA motion to dismiss and remand this cause to the trial court for further proceedings.

W. STACY TROTTER
JUSTICE

August 19, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

11